BROWN v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Division One, May 27, 1903.

1. **Appellate Jurisdiction:** CONSTITUTIONAL QUESTION. The fact that a constitutional question raised in a case has been already decided by the Supreme Court does not give the Court of Appeals jurisdiction of the case. That question, so far as governing the course of the appeal is concerned, is as much in the case as if it had never been decided, for a decision of a constitutional question in one case does not prevent litigants raising the same question in another case.

2. ———: ———: HOW RAISED. In order that the case may involve a constitutional question it must have been timely and properly invoked in the trial court and the constitutional protection there

denied the appellant, and proper exception saved. And unless that were done the Supreme Court does not have jurisdiction on the ground that a constitutional question is involved. A party may waive a constitutional question by not raising it.

Transferred from Kansas City Court of Appeals.

REMANDED TO KANSAS CITY COURT OF APPEALS.

*Geo. P. B. Jackson* for appellant.

*Wright & Woods* for respondent.

MARSHALL, J.—This is an action for damages under section 2612, Revised Statutes 1889, for the killing of the plaintiff's horse, and for a reasonable attorney's fee under section 2613, Revised Statutes 1889. The answer admits that the defendant is a corporation and that it owns and operates a railroad, and then denies generally all the allegations of the petition. The case was tried in the circuit court, before a jury, who returned the following verdict on the 19th of September, 1898: "We the jury, find for the plaintiff and assess his damage at $25." Thereupon the jury was discharged and a judgment entered for the plaintiff on the verdict. The record then recites that on the next day (September 20th) the following proceedings were had: "Now come the parties, by their respective attorneys, and the motion to assess an attorney's fee in this cause coming on to be heard, the motion is submitted to the court, a jury by plaintiff and defendant being waived. Whereupon the court fixes and assesses the attorney's fee for the plaintiff at the sum of twenty-five dollars. It is therefore adjudged by the court that plaintiff have and recover of defendant the sum of twenty-five dollars as and for his attorney fee in this cause, and that he have execution therefor."

The defendant then filed a motion for a new trial alleging the usual grounds of error, and directed against

the judgment of September 19th, and then closing with the following ground:

"Sixth. Because the court erred in taxing an attorney's fee in favor of plaintiff's counsel against defendant, and entering judgment therefor."

The motion was overruled, and, after proper steps, the defendant appealed to the Kansas City Court of Appeals, where the case was argued and submitted, and the judgment of the circuit court affirmed. The defendant filed a motion for a rehearing on the ground that the judgment was in conflict with the decision of this court in Paddock v. Railroad, 155 Mo. 524, in which it was held that section 2613, Revised Statutes 1889, was unconstitutional.

The Kansas City Court of Appeals said: "Notwithstanding a constitutional question similar to that here presented was passed upon by the Supreme Court of this State in the last-cited case" (Paddock v. Railroad, supra) "still that decision does not settle that involved in this case. That decision does not take the constitutional question out of the case. It still remains and is clearly without our jurisdiction. [State ex rel. Dugan v. Court of Appeals, 105 Mo. 299.]" Accordingly the Court of Appeals certified the case to this court.

I.

The Kansas City Court of Appeals was right in saying that a decision of this court upon a constitutional question in a prior case does not take the constitutional question out of a subsequent case. Such a decision settles the law, but it does not prevent litigants from again raising the same constitutional question in another case. It is the question whether a constitutional question has been properly raised in a case that determines what appellate court has jurisdiction, and not the fact whether the same constitutional question has already been de-

cided in another case. The appeal lies to this court "in cases involving the construction of the Constitution of the United States, or of this State," and this is true irrespective of how many other cases raised the same constitutional questions, or how often this court has already decided those questions, for no other appellate court has any jurisdiction in such cases.

But in order that the case can involve a constitutional question, the protection of the Constitution must be timely and properly invoked in the trial court and that protection must have been denied to the party invoking it, by that court, and such party must have been the losing party in the trial court, and proper exception saved to the ruling of the trial court. [Ash v. Independence, 145 Mo. 120; Ibid., 169 Mo. 77; Parlin & Orendorff Co. v. Hord, 145 Mo. 117; Vaughn v. Railroad, 145 Mo. 1. c. 61; Shewalter v. Railroad, 152 Mo. 544; Coleman v. Cole, 158 Mo. 1. c. 258.]

The constitutional protection must be properly invoked in the trial court. It can not be invoked for the first time in an appellate court. [Vaughn v. Railroad, 145 Mo. 1. c. 61; Pim v. St. Louis, 165 U. S. 273; Oxley Stave Co. v. Butler Co., 166 U. S. 648.]

Unless the constitutionality of an act under which the proceeding is had is expressly challenged in the trial court, and the challenge overruled by the trial court, and exception saved in that court, and unless the challenging party is the losing party in the lower court, the appeal will lie to the Court of Appeals and not to this court, and the Court of Appeals must decide the case without any regard whatever to the constitutional question, for in such a state of the record there is no constitutional question involved in the case. If neither party raises a constitutional question, then the case will be decided by the appellate court that has jurisdiction of the appeal on other grounds, the same as if it had not been possible to raise a constitutional question. In short, a constitutional question must be raised before it

can be involved, and if it is not involved then the decision of the case can decide no such question. In this respect a constitutional question differs from a jurisdictional question that can be raised for the first time in an appellate court. A party can waive a constitutional question, by not raising it, for instance, but he can not waive the jurisdictional question, even expressly.

In this case no constitutional question was raised in the trial court. In fact counsel frankly concede that they never knew there was any question about the constitutionality of section 2613, Revised Statutes 1889, until after the decision of the Court of Appeals, when they accidentally saw the decision of this court in Paddock v. Railroad, supra. Up to that time counsel believed the section to be constitutional as it was declared in Perkins v. Railroad, 103 Mo. 52. Therefore, no protection of the Constitution of the United States against the imposition of an attorney's fee as authorized by section 2613, supra, was invoked in the trial court, and, hence, there is no such question involved in this case.

In the motion for a new trial the defendant complained that the court had erred in taxing an attorney's fee for plaintiff's counsel against defendant, and in entering judgment therefor, but this did not, and was not intended to, raise a constitutional question. It went only to the correctness of the proceeding whereby a verdict and judgment on the merits was entered on September 19th, and afterwards on the 20th, the action of the court in assessing an attorney's fee and entering another judgment in the same case therefor. This was a matter of error under the code and did not in any manner raise a constitutional question.

This court, therefore, has no jurisdiction of this case. The Kansas City Court of Appeals is the proper appellate tribunal. The case is therefore remanded to the Kansas City Court of Appeals. All concur, except *Robinson, J.*, absent.