EMERY, Respondent, v. ST. LOUIS & SAN FRAN-
CISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 23, 1909.

**APPELLATE PRACTICE: Jurisdiction: Constitutional Question.**
In an action against a railroad company for the penalty pro-
vided by section 1110, Revised Statutes 1899, where the de-
fendant raised the question that that section was unconstitu-
tional because in violation of section 25 of article 2 of the Bill
of Rights and in violation of section 1 of the Fourteenth Amend-
ment to the Constitution of the United States, a constitutional
question was raised such as to deprive the Court of Appeals
of jurisdiction and require the case to be certified to the Su-
preme Court.

Appeal from Butler Circuit Court.—*Hon. J. C.
Sheppard,* Judge.

CERTIFIED TO SUPREME COURT.

*W. F. Evans* and *James Orchard* for appellant.

*David W. Hill* and *Ernest A. Green* for respondent.

GOODE, J.—This is an action for a penalty of five
hundred dollars provided by section 1110 of the Revised
Statutes of 1899, and the penalty is alleged to have
accrued in consequence of defendant's failure to con-
struct and maintain suitable ditches or drains along the
side of its roadbed to plaintiff's farm to a certain nat-
ural drainage or slough. The petition is in three
counts, each asking the penalty. One of the defenses
interposed in the answer to each of the counts is that
section 1110 of the statutes on which the case is
founded, is unconstitutional in authorizing the prop-
erty of railway companies to be taken for private use
without just compensation and imposing on the com-
pany an excessive penalty. The part of the Constitu-

tion said to be violated is section 25 of article 2 of the Bill of Rights. It is further said in the answer that section 1110 of the statutes is in violation of section 1 of the Fourteenth Amendment of the Constitution of the United States. The answer sets out the provisions of those two clauses of the State and National Constitutions and insists they are violated. This defense was put forward in an instruction requested by defendant and refused by the court below and error is assigned in the motion for new trial for the refusal of said instruction, as well as others. Defendant's assignment of errors in its brief specifically assigns that the appeal was erroneously granted to this court instead of the Supreme Court, to which it should have been granted because a constitutional question was involved. It seems to us the jurisdiction of the appeal is in the Supreme Court for a constitutional question was raised and insisted on throughout the trial and duly preserved by exceptions. [Brown v. Railroad, 175 Mo. 185.]

It is, therefore, ordered the case be transferred to the Supreme Court. All concur.