## KATHERYN MERCER, Respondent, v. CARRIE LOWERY, Appellant.

### St. Louis Court of Appeals, January 4, 1916.

1. **APPELLATE PRACTICE: Conclusiveness of Verdict.** A verdict rendered on conflicting evidence, under proper instructions, is conclusive, on appeal.

2. **INNKEEPERS: Liens: Liability of Guest of Person Contracting for Entertainment.** Where a husband contracted for lodging for his wife in a hotel, the baggage and other valuables belonging to the wife were not subject to a lien, under Sec. 8247, R. S. 1909, providing that hotel keepers shall have a lien on the baggage and other valuables of their guests brought into the hotel by such guests, for proper charges due from them, since the word "guests," as used in the statute, applies to the party contracting for the entertainment, and not to his guests.

3. **STATUTES: Construction.** In construing a statute, the intention of the Legislature is to be sought and effectuated, but the statute must not be unduly extended.

4. **APPELLATE PRACTICE: Prerequisites to Review of Rulings on Evidence.** A ruling of the trial court on the admission or rejection of evidence is not reviewable, on appeal, unless an exception to such ruling was saved at the time it was made.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Geo. J. Breaker* for appellant.

*Ellroy V. Selleck* for respondent.

NORTONI, J.—This is a suit in replevin. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff, a married woman, seeks to recover possession of a lot of her personal wearing apparel and some toilet articles. Defendant is a hotel keeper and

. withholds possession of the articles sued for, asserting the statutory lien of the hotel keeper on the belongings of the guest for accomodations furnished.

It appears that plaintiff and her husband were guests at defendant's hotel for several weeks, and a portion of their bill for accommodations there is unpaid. Defendant asserts it is something more than $80.

The evidence tends to prove that plaintiff's husband contracted with defendant for accommodations of both himself and his wife and made several payments to defendant on the bill thus contracted by him. Subsequently he became involved, and both he and his wife left defendant's hotel, but defendant withheld the articles belonging to plaintiff, asserting a lien thereon. There is evidence, too, that defendant stored the goods for plaintiff at her request subsequently for a time, and a warehouseman's lien is asserted on this; but the evidence touching this matter is *pro* and *con* and the jury found the issue for plaintiff under proper instruction, as though no lien obtained on account of such storage. The question concerning this is, therefore, to be put aside, and the subject-matter for consideration relates to the right of defendant hotel keeper to withhold the goods of plaintiff for the accommodations contracted for by the husband for the use of both. The evidence is abundant to the effect that plaintiff's husband contracted the indebtedness touching the accommodations for both himself and his wife, and also those furnished to her brother, who visited them, and the jury so found the fact to be.

The court instructed the jury that, in order to sustain the lien asserted by defendant with respect to plaintiff's separate goods, it was essential to find an indebtedness contracted by her—that is to say, it was not sufficient to predicate such lien against plaintiff's personal goods on the debt of the husband. The argu-

ment advanced for a reversal of the judgment is to. the effect that such is an erroneous view of the statute; but we are not so persuaded.

The statute involved is as follows:

"Hotel, inn and boarding house keepers shall have a lien upon the baggage and other valuables of their guests or boarders brought into such hotel, inn or boarding house by such guests or boarders, and upon the wages of such guests or boarders, for their proper charges due from such guests or boarders for their accommodation, boarding and lodging, and such extras as are furnished at their request." [Section 8247, R. S. 1909.]

It is to be said that neither plaintiff nor her husband was a boarder at defendant's hotel, but rather enjoyed the use of rooms there only.

It is argued that the word "guest" in the statute above quoted includes the plaintiff as well as her husband, though the indebtedness was contracted by him, and, therefore, creates a lien on her goods, because she was such guest. This statute was expounded by the court in Wyckoff v. Southern Hotel Co., 24 Mo. App. 382, where it is declared to have repealed the common law on the subject, in that it displaced the prior rule, to the effect that an innkeeper was entitled to a lien on the property of a third person brought by a guest into his establishment, and enlarged the right, by authorizing the assertion of a lien on the wages of the guest. There it was attempted, on the part of the hotel keeper, to withhold, as by lien, a typewriter belonging to a third person brought into the hotel by the guest; but the court denied the right, in the view that the statute authorized a lien only against the property of "their guests" "for their proper charges." While the intention of the Legislature is to be sought and effectuated in interpreting its provisions, the statute, of course, is not to be unduly extended. In this view it

would seem the statute contemplates a lien on the property of the guests for the proper charges of the hotel keeper "due from such guests." Obviously, if the plaintiff's husband contracted for the accommodation, as the jury found the fact to be, then there was nothing due from the plaintiff to defendant, though plaintiff may have been a guest in the hotel with her husband and under a contract made by him.

It is true the English court, under the strict rule of the common law, views a similar question otherwise, under that system of jurisprudence, as will appear by reference to Gordon v. Silber, 25 Q. B. Div. 491. But be this as it may, we are treating here with our statute on the subject, which it is said supplants and displaces the full vigor of the common-law rule. Where similar statutes have been adopted the American Courts declare and enforce the rule that the goods of the wife may not be held under the hotel keeper's lien, when it appears the indebtedness was contracted by her husband, as here. [See Baker v. Stratton, 52 N. J. Law 277; Birney v. Wheaton, 2 How. Pr. (N. S.) N. Y. 519; McIlvane v. Hilton, 7 (Hun.) N. Y. 594.] Touching the same question, a standard authority says: "Where a person goes to an inn under such circumstances that he is not chargeable because the bill is to be paid by another, the goods of the guest who is not chargeable cannot be held on lien." [See 22 Cyc. 1091.] Manifestly such is a proper interpretation of our statute, which purports, on its face, to confer the lien on the property of guests for the proper charges of a hotel company "due from such guests."

The instructions complained of properly declared the law and the finding of the jury thereunder is supported by substantial evidence.

Other matters are argued in the brief with respect to the reception and rejection of evidence, but

no exceptions appear at the time the rulings were made, and the questions may not be reviewed here.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.