## The Baldwin Piano Company, Appellee, v. Congress Hotel et al. Congress Hotel Company, Appellant.

### Gen. No. 31,099.

1. INNKEEPERS—*when nontransient guest is not a tenant.* Contract between a hotel keeper and its guest for rental of one of its rooms by the latter for a year, which contract contained the provision that their relations at all times should be those of innkeeper and guest and not landlord and tenant, creates the relationship of innkeeper and guest and not of landlord and tenant.

2. INNKEEPERS—*when lien prior to unrecorded chattel mortgage.* Hotel keeper, retaining innkeeper's right in a year's contract for a room with a guest by the provision that their relations should at all times be those of innkeeper and guest and not those of landlord and tenant, had an innkeeper's lien upon a guest's piano superior to the rights of a company from whom the piano was bought, holding an unrecorded and unacknowledged mortgage upon it, in its action for replevin thereof.

Appeal by defendant from the Municipal Court of Chicago; the Hon. PHILIP J. FINNEGAN, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1926. Reversed and cause remanded. Opinion filed December 29, 1926.

SIMEON STRAUS and IRA E. STRAUS, for appellant

CARPENTER & GRANT, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

This was an action of replevin brought by the Piano Company against the Hotel Company and one Weller, to recover possession of a certain player piano which had been sold to Weller by the Piano Company and was in the possession of the Hotel Company. The trial court found that the plaintiff was entitled to possession of the piano, and the plaintiff's damages for wrongful detention thereof, by the Hotel Company, were assessed at the sum of one cent. To reverse the judgment, the defendant Hotel Company has perfected this appeal.

The record shows that in December, 1924, Weller had been living at the Congress Hotel for a year or more, and at that time he entered into an agreement with the defendant Hotel Company, under the terms of which he engaged a room at the hotel for one year, beginning January 1, and ending December 31, 1925. Under this agreement he was to pay the company $200 each month for the room and the company agreed to reserve the room for his use during the period of the agreement. The usual covenants covering the use of the room by Weller were included in the agreement, and for its upkeep and care by the Hotel Company. The concluding sentence of the agreement thus entered into by the parties was to the effect that "the relationship hereby created shall be construed at all times as that of Innkeeper and Guest, and not as that of Landlord and Tenant." The record further shows that on January 3, 1925, Weller purchased a player piano from the plaintiff at a price of $1,650, paying $200 down and agreeing to pay the balance in monthly payments of $75 each. The piano was delivered to Weller by the plaintiff company and installed in his room at the hotel. On the day of the purchase of the piano, Weller executed a chattel mortgage, which, however, was neither acknowledged before the clerk of the municipal court nor recorded in the recorder's office, until the day after the institution of these re-

plevin proceedings, which was on September 23, 1925. On that day, Weller owed a balance of $800 to the Hotel Company. He was also in arrears in his payments to the Piano Company. Early in the morning of that day, representatives of the Piano Company went to Weller's room at the hotel and found it padlocked. They then got an employee of the Hotel Company to admit them to the room and they took the piano down to the ground floor, and were loading it on their truck when employees of the hotel interfered and stated that in their opinion the Piano Company had no right to remove the piano without a written order from Weller. Upon the insistence of the representatives of the Hotel Company, and their promise to deliver the piano if it was replevied, the employees of the Piano Company put the piano in the baggage room of the hotel. On the same day the Piano Company instituted its proceedings in replevin, but the Hotel Company declined to surrender the piano when the writ was served, taking the position that they had been advised that they had a legal right to retain it, on the strength of their lien as an innkeeper against Weller's effects.

The only question presented by this appeal involves the relationship which existed between the Hotel Company and Weller. The Hotel Company claims that the relationship of innkeeper and guest obtained as between it and Weller and also that this was their relationship as against the Piano Company. If that is the case, it is conceded that the Hotel Company had an inkeeper's lien which would give it a right to the possession of the piano as against the Piano Company. The latter contends that whatever relationship existed between the Hotel Company and Weller, as far as they themselves were concerned the fact was, that the hotel was Weller's permanent home, so as to make him a tenant and the Hotel Company a landlord; and that, at least as against the Piano Company and other

third parties, the Hotel Company could not, by special agreement, extend its rights to such as were given it under the Innkeepers' Act [Cahill's St. ch. 71].

We shall not review nor refer to the cases cited by the respective parties, as we do not consider them in point. None of them involved such a situation as is presented here. We are of the opinion that although the residence of Weller at the hotel was such as to make him a tenant, in the absence of the agreement he entered into with the Hotel Company, that agreement was one which the parties might properly enter into, and the effect of it was to give Weller the status of a guest and the Hotel Company that of an innkeeper. That status required a greater degree of care of Weller's property on the part of the Hotel Company than it would otherwise have been obliged to exercise, and, on the other hand, it gave the Hotel Company greater rights against Weller's effects than the company would otherwise have possessed.

In our opinion, the Hotel Company had a lien as an innkeeper against Weller's effects, including this piano, to secure the balance due them from him, and this lien was good, even as against the Piano Company, holding an unacknowledged and unrecorded chattel mortgage. The Hotel Company was an innkeeper by occupation and in the business of entertaining guests within the meaning of those terms, as found in the Innkeepers' Act [Cahill's St. ch. 71]. In that situation, we are of the opinion that it might properly enter into an agreement with Weller, whereby their status was to be that of innkeeper and guest, with the rights and liabilities attaching to that status under the act, although Weller was not to be a transient. We see no reason why the Piano Company should not be bound by the status fixed by the agreement between Weller and the Hotel Company. No claim is made that the Piano Company knew that Weller was not a transient and relied on a belief on

its part that his status was that of a tenant, rather than that of a guest.

For the reasons we have given, the judgment of the municipal court is reversed and the cause is remanded for further proceedings not inconsistent herewith.

*Judgment reversed and cause remanded.*

TAYLOR, P. J., and O'CONNOR, J., concur.