THE STATE v. OSCAR BARR, Appellant.—34 S. W. (2d) 477.

Division Two, December 20, 1930.

*Jos. L. Gutting* and *J. A. Whiteside* for appellant.

*Stratton Shartel,* Attorney-General, and *Silas E. Garner,* Special Assistant Attorney-General, for respondent.

WHITE, J.—The purported record in this case shows singular disregard of the statutory requirements for bringing before this court a duly authenticated transcript so that we may have before us a true record of the proceedings below.

The trial began with an indictment and was finished with an information. These documents appear in an amendment to the record certified here about two months after the record itself came. The original record recited that the indictment was returned April 4, 1929, in vacation of the Circuit Court of Clark County, Missouri. The amended record recites that it was returned April 4th, at the April Term, 1929. There appear six pages of this record, which includes the record proper and some matters which properly belong to the bill of exceptions. The certificate of the clerk on page six certifies the ''above'' to be ''a full, true and correct copy of the record proceedings, sentence, motion for new trial, affidavit for appeal, and order granting the appeal, together with the bill of exceptions as fully as the same remains of record on file in my office.'' Attached to that is what purports to be all the evidence signed by the judge as a bill of exceptions. It is not certified to by the clerk. For our purpose we may assume that the certificate mentioned was merely in the wrong place and should have been put after the purported evidence instead of before.

The indictment was in three counts. The defendant first moved to quash counts 2 and 3 on the ground that they did not state sufficient facts to charge the defendant with any crime, defendant being charged in the first count with feloniously transporting one gallon, more or less, of hootch, moonshine *or* corn whiskey; the second count charging the defendant with selling hootch, moonshine *or* corn whiskey; the third charging possession of one gallon of intoxicating liquor. This motion was overruled.

The defendant then moved the court to compel the defendant to elect upon which of the counts he would proceed to trial because defendant was charged with two distinct felonies and one misdemeanor, which might relate to the same liquor, but were separate and distinct acts. The record does not show what happened to that motion. The trial proceeded against the defendant on the three counts of the indictment. Then during the progress of the trial after the jury was sworn and evidence introduced, this entry appears:

''Testimony of witness being heard, when an information was filed in lieu of the indictment before the conclusion of the defense testimony.''

No other mention of the information appears.

The information charged in correct form that the defendant feloniously transported one gallon more or less of hootch, moonshine, corn whiskey, the offense which the State attempted to charge in the first count of the indictment.

Thus it appears that the State's evidence was presented under the indictment and only a part of the defendant's evidence was introduced after the information was filed. The trial then proceeded to a conclusion and a verdict was returned finding the defendant guilty and assessing his punishment at imprisonment in the penitentiary for three years. In due time the defendant filed a motion for new trial in which he complains, among other things, that there was error in overruling his motion to quash. The motion does not assign error in overruling his motion to elect or failure to rule on it, but does assign error in permitting the information to be filed.

I. The Attorney-General in his brief suggests that the appellant has briefed only three points for reversal and therefore he is presumed to have abandoned the others and suggests that the court will not concern itself with those abandoned.

Section 4106, Revised Statutes 1919, requires this court to examine the record for errors, whether error is assigned in this court or not, and we must consider all errors properly preserved or appearing upon the record proper. The cases cited in support of the Attorney-General's conclusion are misinterpreted.

II. Section 3908, Revised Statutes 1919, was amended by the Act of 1925 (Laws 1925, p. 195), by adding two subsections, 3908a and 3908b. Subsection 3908a provides that an information may be amended either in form or substance at any time before the jury is sworn. And that, "If an indictment be held to be insufficient either as to form or substance an information charging the same offense charged or attempted to be charged in such indictment may be substituted therefor at any time before the jury is sworn."

We may assume that there was an attempt by the prosecutor to substitute the information for the first count of the indictment, but it could not be a substitute for counts 2 and 3, for each of them attempted to charge an offense different from that attempted in count one. The attempted substitution was not because the indictment was held insufficient as required by the statute; nor was it made before the jury was sworn, but after the State's evidence was produced under the indictment and while the defendant was introducing his

evidence. Thus the defendant was convicted, the State claims, under the information, in support of which the State produced no evidence. Also the bill of exceptions mentions no objection to the filing of the information.

The Attorney-General in his brief says the court permitted the prosecutor to withdraw the indictment and file the information in lieu of it. The record shows no such permission, nor such withdrawal, the prosecutor could not substitute one for the other without leave of court and the record says only that the information was filed in lieu of the indictment. Since no objection appears in the record the State asserts that the appellant cannot now take advantage of that irregularity.

Where errors appear upon the face of the record proper they are not matters of exceptions and have no place in the bill of exceptions. Before the abolition of the motion in arrest by the Act of 1925 (Laws 1925, p. 198), such errors could be taken advantage of by motion in arrest, a remedy now available by a motion for new trial (Sec. 4080, Laws 1925, p. 198). Where errors appear upon the face of the record proper the judgment will be reversed whether any exception is saved or not. [State v. Connell, 49 Mo. l. c. 286; State v. Rowe, 142 Mo. 439, l. c. 440-441.]

The trial court is presumed to have performed its duty. In many instances where the record fails to show an act or finding of the court necessary to the regularity of the procedure the chasm is bridged by that presumption. But the court is not presumed to have performed every act necessary in the regular progress of a case. The record proper, for instance, must affirmatively show that the jury was sworn. [State v. Mitchell, 199 Mo. 105.] It must show such formalities as the filing and overruling of the motion for new trial, the filing of the bill of exceptions and allowance of allocution unless the same is waived. It must show that an indictment or information was filed and that the trial proceeded upon that indictment or information.

There was no order of court holding the indictment insufficient. On the contrary, in overruling the motion to quash, as stated in the record, the court is presumed to have held it sufficient. The record shows no order of substitution of the information for the indictment. There is no record entry showing the information was filed. The only entry in relation to it is the file mark of the clerk and the clerk's minutes quoted above. From that minute of the clerk to the effect that an information was filed in lieu of the indictment, if it had referred to an incident as happening before the jury was sworn, it might be claimed that the order of substitution had been properly made by the court. But the judge cannot be presumed to have per-

formed an act which the statute did not authorize him to perform. He had no authority whatever to order the substitution after the jury was sworn, and it would have been in entire violation of the defendant's rights to make the substitution after the State had presented its evidence on the indictment. If any presumption is to be held in such case it will be presumed that the judge did not thus violate the law.

If we must indulge in any presumption of proper court action from the clerk's minute, we would be obliged to presume that the action of the court was in accord with what the minute says and ordered a substitution, at a time when it could not be made. The record prevents such a presumption. It definitely shows that the indictment was presented, the jury sworn, and the trial proceeded under it. Presuming that the court did not violate its duty we have nothing but the clerk's recital from which we may infer that the prosecutor filed the information without leave of court and without an order of substitution. At any rate, so far as the defendant was concerned, there was no information; he was tried upon the indictment. The verdict of the jury found the defendant "guilty as charged." It does not say as charged in the information. It must mean as charged in the indictment under which the jury heard the evidence before any information appeared in the case. The indictment, however, charges three distinct crimes—two felonies and a misdemeanor. If defendant could have waived the error of proceeding with the trial on three charges, the verdict should have designated of which crime the jury found the defendant guilty. The verdict, being thus uncertain and not responsive to any particular count of the indictment, presents an error upon the face of the record proper; it is not a mere irregularity to be preserved in the bill of exceptions. [State v. Hedgpeth, 311 Mo. 452, l. c. 460-461; State v. Pace, 269 Mo. 681, l. c. 685-687.]

III. In disposing of the case we should also determine the validity of the indictment, the first count of which charges the defendant with transporting, and the second charges him with selling, hootch, moonshine, *or* corn whiskey. Where the statute forbids several distinct acts in the alternative the indictment or information charging the commission of more than one of those things must charge them in the conjunctive. [State v. Grossman, 214 Mo. l. c. 242; State v. Wyatt, 245 S. W. 583 (Springfield Court of Appeals); State v. King, 285 S. W. 794; State v. Bilyeu, 295 S. W. l. c. 105.] If each of the things mentioned is a separate and distinct offense, connecting them by the disjunctive would not charge the com-

mission of either. The charge must be definite and concise as to the particular object. Section 21 of the Act of 1923 (Laws 1923, pp. 242-243) makes it a felony to sell, transport, etc., "hootch," "moonshine," "corn whiskey." We first held these terms to be synonymous, each of them designating the same thing. [State v. Brown, 304 Mo. 78.] We found, however, that such construction would defeat the purpose of the act, because there might be "moonshine" which was not "corn whiskey," and that the perilous stuff designated as "hootch" would apply to alcoholic concoctions which were neither corn whiskey nor some other kind of moonshine. Accordingly we construed the word "or" to be understood between the words "moonshine" and "corn whiskey," so as to meet the manifest intention of the lawmakers in attempting to cover every kind of illegally manufactured whiskey. [State v. Pinto, 312 Mo. 109; State v. Griffith, 311 Mo. 630, l. c. 641.] In the Griffith case we held that the use of the terms "hootch," "moonshine," "corn whiskey," in the act showed an intention "to segregate the liquors therein named from the general class and to prescribe a heavier penalty for their manufacture, sale," etc. And further that those words meant "intoxicating liquor illicitly distilled for beverage purposes," thus distinguishing liquors of that kind from unlawful commerce with whiskey lawfully distilled. That construction gathers force by a consideration of the proviso to said Section 21, to the effect that the section shall not apply to a case of corn whiskey lawfully manufactured. Thus the effect of the interpretation is that any dealing whatever in any kind of unlawfully manufactured whiskey designated by those terms is a felony, whereas an unlawful sale of whiskey lawfully manufactured would be a misdemeanor under the General Statutes, Section 6588, Revised Statutes 1919.

In State v. Bilyeu, supra, we held that the use of the word "or" in an information charging that the defendant unlawfully manufactured hootch, moonshine *or* corn whiskey was insufficient because in the disjunctive and charged the defendant definitely with nothing. Thus counts one and two of the indictment here were defective on their face. The defect here was one for which the indictment might have been held insufficient, and an information substituted by proper order before the jury was sworn.

The judgment is reversed and the cause remanded. All concur, *Blair, P. J.,* in result.