J. J. Schildnecht et al., Appellants, v. City of Joplin et al.—
35 S. W. (2d) 35.

Court en Banc, February 2, 1931.

*James E. Sater, W. H. Foulke* and *Sturgis & Henson* for appellants.

*R. A. Pearson, Norman A. Cox* and *Hugh Dabbs* for respondents.

ELLISON, J.—The suit is to enjoin the defendant-respondent, city of Joplin, a city of the second class in Jasper County, and its officers, from exercising governmental control over certain adjoining territory in Newton County pursuant to an extension of the corporate limits thereover, under Section 6483, Revised Statutes 1929 (Sec. 7973, R. S. 1919). This statute merely provides the council of a second class city, with the consent of a majority of the legal voters voting at an election therefor, shall have power to extend the limits of the city ''over territory adjacent thereto.'' The plaintiffs, who are property owners and taxpayers in the area affected, contend the section does not contemplate or authorize such municipal encroachments *across a county line*, and that the proceedings in this instance were void. The trial court sustained a demurrer to their petition and dismissed their bill. From that judgment they appealed to this court.

This court does not have jurisdiction of the appeal. There are only two possible grounds upon which it could be said, even argumentatively, that appellate jurisdiction is lodged here: (1) because the amount in dispute exceeds $7500; (2) because the case involves a construction of the Constitution of the State.

On the first ground. In Aufderheide v. Polar Wave Ice & Fuel Co., 319 Mo. 337, 365, 4 S. W. (2d) 776, 788, an injunction suit to restrain the violation of certain building restrictions where the defendant proposed to erect an ice plant in the prohibited area, this court held the fact that the amount in dispute exceeded $7500 might be inferred or deduced circumstantially from the general

facts of the case; and the concurring opinion of Judge GRAVES set out a number of photographs of the proposed ice plant, all of which were thought to show the investment exceeded $7500. But in the instant case it is hardly necessary to say the mere assumption of municipal jurisdiction over the territory involved does not signify a dispute over a monetary amount exceeding $7500. The petition makes no such claim and there is no basis on which such a conclusion could be drawn even inferentially either from the pleading or from the facts.

The other possible ground is that the case involves a construction of the Constitution of the State; but in our opinion that view is equally untenable. The petition does not mention the Constitution. It sets out the proceedings taken by the city of Joplin to extend the corporate limits and alleges the city and its officers are undertaking to enforce the ordinances, laws and regulations of the city in the territory annexed. Following that the charge is that all said municipal acts are void and without authority, and that the defendants are trespassers in attempting to subject citizens of Newton County to the municipal government of Joplin. Clearly this was insufficient to inject a constitutional question into the case, under many decisions requiring a party complaining on that ground to point to the specific provision of the Constitution claimed to have been violated. In particular see State ex'rel. Tadlock v. Mooneyham, 296 Mo. 421, 425, 247 S. W. 163, 164-5; City of St. Joseph v. Georgetown Lodge (Mo.), 8 S. W. (2d) 979, 981.

The defendants filed a demurrer specifically alleging the municipal acts and proceedings are and were valid under said Section 7973. It is further affirmatively charged in the demurrer that the statute strictly conforms with the Constitution, particularly Section 7 of Article 9 and Section 53 of Article 4 thereof; and that if the plaintiffs' construction of the statute were correct then it would be unconstitutional as creating a special classification of the city of Joplin in violation of said two sections of the Constitution.

But, granting for argument's sake these assignments in the demurrer were sufficient to raise a constitutional question they cannot put the appellate jurisdiction in this court because they were advanced by the *defendants*, and the defendants prevailed below and did not appeal. As is said in Bankers' Mortgage Co. v. Lessley (Mo.), 31 S. W. (2d) 1055, 1058, quoting from Brown v. M. K. & T. Ry. Co., 175 Mo. 185, 188, 74 S. W. 973, 974: "But in order that the case can involve a constitutional question, the protection of the Constitution must be timely and properly invoked in the trial court, and that protection must have been denied to the party invoking it by that court, and such party must have been the losing party in the trial court, . . . ." See also McGill v. St. Joseph (Mo.),

So, since the appellants' petition does not specifically raise a constitutional question and the respondents' demurrer cannot be treated as having that effect, there is and can be no such question in the case—unless this is one of those rare causes in which a constitutional question *inheres.*

It was held in McGrew v. Mo. Pac. Ry. Co., 230 Mo. 496, 511, 612, 132 S. W. 1076, 1079, 1113, 1114, a decision by the Court en Banc, that when a plaintiff's cause of action is founded upon a statute, the constitutionality of the statute is involved throughout the proceeding, and the question may be raised for the first time in the appellate court on appeal. If that were the law perhaps it could be said in this case that since the municipal proceedings of the city of Joplin, assailed by the petition and defended by the demurrer, are bottomed solely on Section 7973, Revised Statutes 1919, the constitutionality of that statute can be inquired into by this court now for the first time on appeal.

But the McGrew case has been overruled or distinguished—so far as it relates to the question of appellate jurisdiction on constitutional grounds. Division Two refused to follow it in Strother v. A. T. & S. F. Ry. Co., 274 Mo. 272, 281, 203 S. W. 207, and the latter case has since been cited and adhered to by the Court en Banc in Newman v. John Hancock Life Ins. Co., 316 Mo. 454, 455, 290 S. W. 133.

There is this fundamental and insurmountable obstacle in the way of entertaining jurisdiction here. The jurisdiction of this court is appellate. [Sec. 2, Art. 6, Const. Missouri.] Being appellate it is derivative and dependent on the state of the record as made in the *trial* court. [Syz v. Milk Wagon Drivers' Union, 323 Mo. 130, 18 S. W. (2d) 441, 444; McGregory v. Gaskill, 317 Mo. 122, 125, 296 S. W. 123, 125.] This court can guard its own jurisdiction, of course, and inject that question any time on its own motion, but it cannot confer jurisdiction on itself by raising a constitutional question, no matter how appealing the equities of the cause may be, if the appellant did not raise and preserve the point below—even though he obviously could and should have done so.

Where a case is such that no judgment can be rendered therein without deciding a constitutional question, or, in other words, when it must be said the trial court *necessarily* determined such a question, the decisions hold this court will entertain appellate jurisdiction on constitutional grounds though the record does not affirmatively show the point was made specifically and in terms below. But a case does not fall in that class merely because it is founded on a statute which *might* have been attacked as unconstitutional. Statutes may be called to mind which stood unchallenged for years, in the meantime being considered and construed by the courts, only to be de-

130

clared unconstitutional later when the point was raised. But no one would say each of the intervening decisions applying such a statute necessarily was an adjudication of its constitutionality. A constitutional objection is waived by failure to present it. If that were not so, and if such questions *inhere* in every such case, it means no court of appeals has any jurisdiction to construe a statute when it is open to question at all on constitutional grounds, whether the point be expressly invoked or not. This ground was gone over somewhat by Division One in Syz v. Milk Wagon Drivers' Union, supra (323 Mo. 130, 18 S. W. (2d) 441, 444-5).

But whatever the application and limitations of the rule as to inherent constitutional questions may be, it is certain no constitutional question was raised below by the appellants in this case. As stated, their petition does not show it; their brief does not claim it; they do not do it here. Their assignment of error on appeal is merely that "the court erred in holding that the city of Joplin has power under the law, Section 7973, Revised Statutes 1919, to extend the limits of the city over and so as to include therein territory in Newton County, Missouri." The questions tendered by the appellants below were simply questions of statutory construction. It is their contention that an exception ought to be read into the statute excluding from its operation territory in a county other than that in which the city is located. That is the theory they present in their brief here. There is no constitutional question in the case and the cause should be transferred to the Springfield Court of Appeals. All concur, except *White, J.,* who dissents.