L. E. LINES MUSIC Co., a Corporation, v. J. A. HOLT ET AL., Appellants,—60 S. W. (2d) 32; 61 S. W. (2d) 326.

Division Two, April 20, 1933.

*C. W. Hamlin* for appellants.

*Gorman & Randall* and *Arch A. Johnson* for respondent.

WESTHUES, C.—Respondent, plaintiff below, filed this suit in replevin against appellants, defendants below, to recover a Majestic radio. From a judgment in plaintiff's favor in the Circuit Court of Greene County, Missouri, defendants appealed. The appeal was granted to the Springfield Court of Appeals. Plaintiff filed a motion to have the cause transferred to this court on the ground that a constitutional question was involved. The Court of Appeals so decided and transferred the case here.

The case was submitted to the circuit court upon an agreed statement of facts, the substance of which is as follows: Defendants operated the Kentwood Arms Hotel in Springfield, Missouri. Plaintiff was a dealer in radio sets. Brown, a guest in defendants' hotel, had plaintiff deliver the radio in question to his room for demonstration purposes on the pretext of contemplating purchasing the same. Shortly thereafter Brown left the hotel for parts unknown. He paid a part of his hotel bill and informed the hotel management that he would send the balance due of $43.70, and then send for or get his radio. The agreed statement of facts further recites:

"Said management knowing that said radio was still in the room and would be good for his bill and not knowing that plaintiff or any one else had or claimed any interest in said set permitted said Brown to take away from said hotel all his other baggage. Sometime after Brown had left the hotel, aforesaid, plaintiff's representatives appeared at the hotel and demanded possession of said radio set and then informed the management that said radio set did not belong to Brown but was the property of the plaintiff. The hotel refused to deliver said property to plaintiff but informed plaintiff's agent that it was holding the said set for the balance due it by the said Brown. . . .

"That the property in controversy was, in fact, the property of the plaintiff and not that of Brown, but none of the defendants knew that fact until after Brown had left the hotel. That the amount claimed by the defendant hotel is a fair and reasonable charge for the services rendered to the said Brown."

Defendants, at the trial, claimed that they had a valid lien on the radio for the balance due, by Brown, by virtue of Section 13090, Revised Statutes 1929. Plaintiff's sole contention, at the trial, was that Section 13090 in so far as it attempted to grant a lien in the hotel's favor on property not belonging to the guest, was in violation of Section 30, Article 2, of the State Constitution and in violation of Section 10, Article 1, of the United States Constitution. Plaintiff offered appropriate declarations of law raising the constitutional question. The trial court refused these declarations but entered a judgment for plaintiff. The Court of Appeals held that it was confronted with this situation. ■ The plaintiff raised the constitutional question in the lower court and received a judgment in its favor. Therefore,

there was no adverse ruling against plaintiff. However, if the Court of Appeals reversed the judgment it would necessarily hold Section 13090 constitutional, and if it affirmed the judgment of the circuit court it would hold the section unconstitutional. The Court of Appeals, therefore, decided that a constitutional question was inherently involved in the case and that, therefore, they were without jurisdiction, citing Schildnecht v. City of Joplin, 327 Mo. 126, 35 S. W. (2d) l. c. 36, where the court en banc said:

"Where a case is such that no judgment can be rendered therein without deciding a constitutional question, or, in other words, when it must be said the trial court necessarily determined such a question, the decisions hold this court will entertain appellate jurisdiction on constitutional grounds though the record does not affirmatively show the point was made specifically and in terms below."

In the case before us plaintiff asserted his right of possession to the radio on the sole ground that the statute giving the defendant a lien was unconstitutional. The trial court, therefore, of necessity passed on the constitutionality of the statute and, by rendering judgment for plaintiff, held the law unconstitutional. Under these circumstances the Court of Appeals was correct in declining jurisdiction. In order for us to dispose of the case we must decide whether or not Section 13090, supra, is constitutional. We will proceed with that question.

We find two sections giving to hotels and inns liens on the property of a guest. Section 3199, Revised Statutes 1929, which has been on our statute books for many years, limits the lien in favor of hotels to the property belonging to a guest. In Wyckoff v. Southern Hotel Co., 24 Mo. App. 382, and Mercer v. Lowery, 193 Mo. App. 106, it was held that Section 3199 changed the common-law rule. The common-law rule was that, without regard to ownership, a hotelkeeper or innkeeper had a lien on all property of a guest, or property under his control, brought to the hotel or inn. [32 C. J. sec. 87, p. 570, and cases there cited.] The reason for the rule is stated in 32 Corpus Juris, page 569, section 84, as follows:

"This extraordinary privilege corresponds to, and is concurrent with, the extraordinary liabilities which the law imposes on the innkeeper. The lien is not created by a contract, but by law; the innkeeper, being obliged by law to receive the guest, is given the lien by the law as a protection. Consequently an innkeeper may maintain his lien even against a guest who is not legally capable of making a binding contract."

Section 8247, Revised Statutes 1909, now Section 13090, Revised Statutes 1929, was amended by the Laws of 1913 by adding a new feature, that of giving to hotels and innkeepers a lien on all property brought to the hotel by a guest, either in his possession or

754

under his control. This section covers to some extent the same subject matter as Section 3199, supra, but is not in conflict therewith. Section 13090 is broader than Section 3199 and extends the right to a lien practically as it existed at the common law. Plaintiff conceded, at the trial, that if the statute in question was valid then defendants had a lien on the radio, but contended that the statute was unconstitutional as depriving plaintiff of his property without due process of law (Sec. 30, Art. 2, Mo. Const.), and also that the section impaired the obligation of contracts (Sec. 10, Art. 1, U. S. Const.).

■ The agreed statement of facts discloses that plaintiff did not inform the defendants of the fact that Brown had not purchased the radio. Brown had legal possession thereof. The applicable rule to the facts at hand is well stated in 32 Corpus Juris, page 570, section 87, as follows:

"Except in jurisdictions where the rule has been modified or abrogated by statute, the lien of an innkeeper may attach to goods which are not the property of the guest but which were brought by him to the inn and were received by the innkeeper in his capacity as such without knowledge of their true ownership or with knowledge that while the title is in another, yet that the guest as agent, servant, or otherwise, is in lawful possession thereof."

Many American and some English cases are cited in support of the statement of the text that an innkeeper has a lien on property of third persons brought to the inn by the guest and in his lawful possession without the knowledge on part of the innkeeper of the true ownership. [Brown Shoe Co. v. Hunt, 103 Iowa, 586, 72 N. W. 765, 64 Am. St. Rep. 198, 39 L. R. A. 291; Singer Mfg. Co. v. Miller, 52 Minn. 516, 55 N. W. 56, 38 Am. St. Rep. 568, 21 L. R. A. 229; Waters & Co. v. Gerard, 189 N. Y. 302, 82 N. E. 143, 121 Am. St. Rep. 886, 24 L. R. A. (N. S.) 958, 12 Ann. Cas. 397; Cook v. Kane, 13 Ore. 482, 11 Pac. 226, 57 Am. St. Rep. 28; Shaw v. Webb, 131 Tenn. 173, 174 S. W. 273, L. R. A. 1915D, 1141.] ■ An innkeeper is obliged to receive guests and their goods and luggage. By virtue of this relationship, innkeepers become insurers of the property of the guest, the title to which the innkeepers cannot question. These obligations of innkeepers are stressed in the cases cited as reasons for the rule existing at common law, extending a lien to all property in the guest's possession for the payment of the hotel fare irrespective of the ownership of the property. Respondent in this case delivered the radio in question to the guest at the hotel and clothed him with the lawful possession and control thereof. Respondent is presumed to have known of the provisions of Section 13090. If respondent had notified the hotel management of the fact that the radio was not the property of the guest we would have

a different question to deal with. In Waters & Co. v. Gerard, 82 N. E. l. c. 150, we find the following statement:

"Unless the innkeeper's lien extends to all the luggage and goods which the guest brings to the inn, and for which the innkeeper becomes responsible as an insurer, an opportunity is afforded by which great fraud might be perpetrated upon the innkeeper through a relative or other person claiming the ownership of luggage and goods in the possession of the guest. So long as public policy requires that an innkeeper be held to the extraordinary and severe responsibility prescribed by the common law, the same considerations of public policy require that the rule of the common law be retained in its entirety, and that the innkeeper have a lien upon the luggage and goods in the possession of the guest for payment of his reasonable charges."

In the Wyckoff and Mercer cases, supra, the court held that Section 3199 restricted the right of a lien on property belonging to a guest and, therefore, the section changed the common-law rule. Section 13090 reestablished the common-law right of a lien to hotel and innkeepers as it existed at common law. The common law is the law of our land unless abrogated by statute or Constitution. Section 13090 is no broader than the common law, therefore, it is not unconstitutional. [Waters & Co. v. Gerard and Shaw v. Webb, supra; Baldwin Piano Co. v. Congress Hotel, 243 Ill. App. 118; National Malted Food Corp. v. Crawford et al., 254 Ill. App. 415; Halsey v. Svitak et ux. (Minn.), 203 N. W. 968.] Section 13090 being constitutional, it follows that upon the agreed statement of facts in this case plaintiff was not entitled to recover possession of the property sued for; that defendants had, and have now, a valid lien on the radio for the balance due by Brown. This lien may be enforced in a manner provided for in Section 13090.

The judgment of the circuit court will, therefore, be reversed and the cost assessed against respondents. It is so ordered. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. *Leedy* and *Tipton, JJ.,* concur; *Ellison, P. J.,* dissents in separate opinion.

ELLISON, J. (dissenting). The plaintiff-respondent recovered judgment below in a replevin suit brought originally in a justice of the peace court to recover possession of certain personal property which the appellants were retaining under an innkeeper's lien claimed by virtue of Section 13090, Revised Statutes 1929. An agreed statement of facts showed that while the property had been

brought to the hotel by a guest, yet in truth it belonged to respondent although the appellant innkeepers were ignorant of that fact.

At the trial the respondent's sole contention was that the statute is unconstitutional insofar as it attempts to create a lien in favor of an innkeeper on property not belonging to his guest but owned by a third party. The appellant, of course, maintained the contrary. The respondent offered appropriate declarations of law raising its said constitutional questions but the trial court refused to give them. Yet, nevertheless, the court gave judgment for the respondent, and the innkeepers appealed to the Springfield Court of Appeals.

By an opinion reported in 48 S. W. (2d) 92, that court transferred the cause to this court. The opinion recognizes this court will not take jurisdiction of a case on the ground that a constitutional question is involved, when the question was ruled below *in favor of* the party appealing citing Lux v. Milwaukee Mechanics' Ins. Co. (Mo. Div. 2), 285 S. W. 424; Shell v. Mo. Pac. Ry. Co., 202 Mo. 339, 344, 100 S. W. 617, 619. But the opinion goes on to say, quoting from Schildnecht v. City of Joplin, 327 Mo. 126, 129, 35 S. W. (2d) 35, 36, "where a case is such that no judgment can be rendered therein without deciding a constitutional question, or, in other words, when it must be said the trial court necessarily determined such a question" the Supreme Court is vested with appellate jurisdiction on constitutional grounds, though no such question was affirmatively and specifically raised below. After setting out the above quotation in its opinion the Springfield Court of Appeals holds the rule announced therein should be applied in this case as, otherwise, "there may be a miscarriage of justice," since the respondent won the case below and yet concedes the judgment in its favor should be reversed unless the statute is held unconstitutional.

The principal opinion here, holds that since the respondent claimed the radio solely on the ground that the lien statute is unconstitutional, and since the case was decided in its favor, therefore we necessarily must conclude the trial court ruled the constitutional question in accordance with its contention. I respectfully disagree with that conclusion and submit it is directly contrary to what the record shows. The respondent submitted to the trial court, as it had a right to do under Section 967, Revised Statutes 1929, declarations of law presenting its constitutional questions. The principal opinion concedes these declarations of law were "appropriate;" and yet the court refused to give them. In the face of that affirmative record what right have we to say the lower court ruled against the constitutionality of the statute—which fact alone would give the appellant innkeepers the right to bring the case to this court by ap-

peal? The appellants made no such point in their motion for new trial, and in a supplemental brief filed here say they do not know on what theory the trial judge. decided the case "but surely it was not because he believed that statute unconstitutional."

From the facts that the respondent claimed the property solely on the theory that the statute is unconstitutional, and that the circuit court decided in its favor, the conclusion does not necessarily follow that the court ruled the case on that question. A party may bind himself and the court by his admissions of *fact* but not by his admissions of *law*. [22 C. J. sec. 325, p. 298; State ex rel. McCaffery et al. v. Aloe et al., 152 Mo. 466, 476, 54 S. W. 494, 495, 47 L. R. A. 393.] The rejection of the respondent's declarations of law assailing the constitutionality of the statute, which were unexceptionable in form, presumptively establishes that the court held the statute was valid. [State v. Barr, 326 Mo. 1095, 1100, 34 S. W. (2d) 477, 479.] This would be taken as conclusively true if the judgment had gone the other way.

The trial court may have taken the view that Section 13090, on a proper construction, only creates a lien on property *belonging* to a guest. As a matter of fact ever since 1877 we have had such a statute in Missouri, now Section 3199, Revised Statutes 1929. That statute makes the lien cover "the baggage and other valuables of their guests or boarders brought into such hotel . . . by such guests or boarders." Section 13090 was first enacted by Laws Mo. 1913, page 351, and did not purport to repeal said Section 3199, though it did expressly repeal some others. Both sections have since been carried forward in our statutory revisions. Section 13090 makes the lien cover "the baggage and other property in and about such inn brought to the same by or under the control of his guests," etc., and it contains elaborate provisions with respect to the enforcement of the lien. Without questioning in the least the conclusion reached by the principal opinion on the merits, it is not beyond the range of possibility that the trial judge may have thought the later statute supplemented the earlier, and that both applied to the same property.

This of course is speculative, but to say the circuit court *must* have held Section 13090 unconstitutional also is speculative or worse, in view of the record showing that the court refused to declare it so when appropriate declarations of law on that point were requested. The case illustrates the wisdom of the rule that our jurisdiction must *affirmatively* appear.

In my opinion the cause should be retransferred to the Springfield Court of Appeals.