HELEN EDER, APPELLANT, v. PAINTERS' DISTRICT COUNCIL NUMBER THREE, A. D. WILLITS AND JOHN DOE, (HENRY P. BINGHAM) RESPONDENTS.—199 S. W. (2d) 648.

Kansas City Court of Appeals. February 3, 1947.

*Marcy K. Brown, Jr.,* for appellant.

*Clif Langsdale,* for respondents.

CAVE, J.—Plaintiff filed a petition in the Circuit Court of Jackson County to restrain defendants from alleged unlawful picketing of her property known as the Barclay Apartment Hotel at 1010 East 27th Street in Kansas City, Missouri. The court issued its temporary restraining order, as prayed. Thereupon, defendants filed a motion to dissolve the restraining order and to dismiss the cause, on the

grounds that it appeared upon the face of the petition that defendants, in doing the things alleged, were exercising the rights secured to them by virtue of the First and Fourteenth Amendments of the Constitution of the United States, and paragraphs 8 and 9 of Article I of the Constitution of Missouri; and that the petition did not state facts sufficient to constitute a cause of action. A hearing was held and the court sustained the motion and dissolved the temporary restraining order, because such restraining order violated defendants' constitutional rights, as above mentioned, and for the same reason held that plaintiff's petition did not state a cause of action, and dismissed the cause.

From that order plaintiff perfected her appeal to this court, and makes but one assignment of error, which is, that the court erred in holding the temporary restraining order deprived defendants of their constitutional rights under the allegations of the petition; and erred in dismissing her petition.

Defendants (respondents) have not filed a brief in this court, but have filed a motion to transfer the cause to the Supreme Court, because there are constitutional questions involved which were directly passed on by the trial court. Plaintiff (appellant) has filed suggestions in opposition to this motion. Her argument is based on the theory that defendants were the successful parties in the trial court and, therefore, no constitutional right of protection has been denied them, and such question has passed out of the case. There are cases in this state supporting that contention. In Brown v. M. K. & T. R. Co., 175 Mo. 185, 188, 74 S. W. 973, 974, THE COURT said: "But in order that the case can involve a constitutional question, the protection of the constitution must be timely and properly invoked in the trial court, and that protection must have been denied to the party invoking it by that court, and such party must have been the losing party in the trial court, . . ''. That language was quoted with approval by the court en banc in the case of Schildnecht et al. v. City of Joplin, et al., 327 Mo. 126, 128, 35 S. W. (2d) 35. However, the court en banc in the very recent case of Dye v. School Dist. No. 32 of Pulaski County, et al., 195 S. W. (2d) 874, 876, modifies or explains the prior rulings. In the Dye case plaintiff (appellant) was the losing party and had not sought constitutional protection in the lower court; the defendants (respondents) had raised such questions. Those are the exact conditions existing in the instant case. In disposing of the question of its jurisdiction and in modifying prior rulings, THE COURT said:

"As will be noted, the aforesaid stipulation says the respondents raised constitutional questions below. And that is a fact. But they won the case and did not appeal. It is the appellant who is invoking our jurisdiction. A banc decision, Schildnecht v. City of Joplin, 327 Mo. 126, 128 (2) 35 S. W. (2d) 35, 36 (3), in ruling on a similar

question quotes a statement from two earlier cases that constitutional 'protection must have been denied to the party invoking it by that (trial) court, and such party must have been the losing party in the trial court.' Now the appellants here, being the losing party below, that far comes within the quoted formula: but he did not raise the point and seek constitutional protection there. On the contrary, he maintained the Constitution did not apply. In so doing he took the negative side of the constitutional question raised by respondents. Having lost, he appealed and brings the same question here. Consequently, we believe he is entitled to invoke our jurisdiction on the ground that a constitutional question is involved, if it appears from the record that the trial court ruled the case on that question. . . .''

The record in this case affirmatively shows that the trial court did decide the constitutional questions raised by defendants (respondents) and the correctness of the trial court's ruling on such questions must be decided on appeal. Under such circumstances, the Supreme Court has exclusive jurisdiction. [Sec. 3, Art 5, Const. of Missouri, 1945.] [See, also, Wooster, et al. v. Trimont Mfg. Co., 197 S. W. (2d) 710.]

Generally speaking, this method of raising the foregoing constitutional questions by motion was permissible under Secs. 61, 62 and 66 of the New Civil Code, Laws Mo. 1943, p. 353, et seq.; Dye v. School District No. 32, *supra*, (876). It is also to be noted that under the state of the record in this case, a *construction* of the Federal and State Constitutions is involved. [Wolf v. Hartford Fire Ins. Co., 304 Mo. 549, 462.]

It follows that respondents' motion should be sustained and the cause transferred to the Supreme Court. It is so ordered.

*Bland, P. J.*, concurs; *Dew, J.*, not sitting.