### In re HYDRAULIC INDUSTRIAL PRODUCTS, CO., Debtor.

### A. Thomas DEWOSKIN, Trustee, Plaintiff,

### v.

### James R. BRADY and Mira Brady, Defendants.

Adv. No. 89–0043–BKC–JJB.

Bankruptcy No. 86–02142–BKC–JJB.

United States Bankruptcy Court, E.D. Missouri, E.D.

June 9, 1989.

Stephen J. Horace, St. Louis, Mo., for trustee/plaintiff.

J. Leonard Schermer, Clayton, Mo., for defendants.

## FINDINGS AND CONCLUSIONS

JAMES J. BARTA, Chief Judge.

The matter being considered here is the Defendants' Motion for Summary Judgment. These Findings and Conclusions are based upon a consideration of the record as a whole including the Parties' Written Memoranda.

---

Summary judgment may be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See*, Fed.R.Civ.P. 56 as made applicable by Rule 7056, Bankruptcy Rules. Recent Supreme Court and Circuit Court decisions have stated that trial courts should be somewhat more hospitable to summary judgments than in the past.

The motion for summary judgment can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those cases that really do raise genuine issues of material fact. *City of Mount Pleasant v. Associated Elec. Corp.*, 838 F.2d 268, 273 (8th Cir.1988), citing, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 [91 L.Ed.2d 265] (1986), *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348 [89 L.Ed.2d 538] (1986) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 [91 L.Ed.2d 202] (1986).

In the matter being considered here, the Plaintiff/Trustee is attempting to avoid a pre-petition transfer and recover a money judgment, alleging that the Defendants are Insiders and Relatives of an Officer of the Debtor pursuant to 11 U.S.C. § 547 and § 550, and 11 U.S.C. § 101(30) and § 101(39).[1]

The Defendants have argued that as first cousins of an officer of the Debtor, they are not "relatives" within the meaning of Section 101(39), because they are not related by affinity or consanguinity within the third degree as determined by the common law. There being no federal common law, the law to be applied is the law of the state. *Erie v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188.

Under Missouri canon law, the degree of relationship is determined by counting generations down from the common ancestor. *State v. Thomas*, 351 Mo. 804, 174 S.W.2d 337, 340 (1943). This canon law method of computation has been referred to as the common law method. *See*, 23 Am.Jur.2d, Descent and Distribution § 55 (1983); Annot., 54 ALR2d 1009, 1013 (1957).

There is little legislative history as to the Federal Congressional interest with respect to the term "common law" at Section 101(39). It is not inconsistent with the scheme of the Bankruptcy Code to determine that "common law" refers to the body of applicable state law in effect at the time of the action which is the subject of proceeding.

Generally, in Missouri, the common law is the law of the land unless it is abrogated by the Constitution or by statute. *L.E. Lines Music Co. v. Holt*, 332 Mo. 749, 60 S.W.2d 32 (1933); *Pugh v. St. Louis Police Relief Ass'n.*, 237 Mo.App. 922, 179 S.W.2d 927 (1944); *See* Mo.Rev.Stat. § 1.010 (1939).

---

**1.** *11 U.S.C. § 101(30) reads as follows:*
"insider" includes—
  (A) if the debtor is an individual—
  (i) relative of the debtor or of a general partner of the debtor;
  (ii) partnership in which the debtor is a general partner;
  (iii) general partner of the debtor; or
  (iv) corporation of which the debtor is a director, officer, or person in control;
  (B) if the debtor is a corporation—
  (i) director of the debtor;
  (ii) officer of the debtor;
  (iii) person in control of the debtor;
  (iv) partnership in which the debtor is a general partner;
  (v) general partner of the debtor; or
  (vi) relative of a general partner, director, officer, or person in control of the debtor;

  (C) if the debtor is a partnership—
  (i) general partner in the debtor;
  (ii) relative of a general partner in, general partner of, or person in control of the debtor;
  (iii) partnership in which the debtor is a general partner;
  (iv) general partner of the debtor; or
  (v) person in control of the debtor;
  (D) if the debtor is a municipality, elected official of the debtor or relative of an elected official of the debtor;
  (E) affiliate, or insider of an affiliate as if such affiliate were the debtor; and
  (F) managing agent of the debtor;
  *11 U.S.C. § 101(39) reads as follows:*
"relative" means individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree.

Section 474.010 Mo.Rev.Stat. (1980) states that descent and distribution is determined by counting upward from the decedent to the nearest common ancestor, and then downward to the relative. The degree of kinship is the sum of these counts. The Plaintiff has not provided any authority to support the position that the canon law method should be used notwithstanding the otherwise clear language of the statute.

■ Therefore, the Court concludes that for purposes of Section 101(39) of Title 11, common law refers to the computational method set out at Section 474.010, Mo.Rev. Stat. (1980). First cousins are not within the third degree and are not within the definition of "relative" in the Bankruptcy law.

■ However, the definition of "insider" at Section 101(30) is not limited to the examples listed therein. *In re Schuman*, 81 B.R. 583, 586, 17 B.C.D. 57, 59 (9th Cir. BAP, 1987). When used in Title 11, the words, "includes" and "including" are not limiting. 11 U.S.C. § 102(3).

The legislative history of Section 101 indicates that an insider is one who has a sufficiently close relationship with a debtor that his conduct is made subject to closer scrutiny. S.Rep. No. 95–989, 95th Cong., 2nd Sess. 25 (1978) and H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 312 (1977), U.S. Code Cong. & Admin. News, pp. 5787, 5810–5811, 6269; *Schuman* at 57.

It is a question of fact in each situation as to who will be determined to be an insider. *See, In re Taylor*, 29 B.R. 5, 7 (Bankr.W.D.Ky.1983).

In this case, there exist genuine issues at to material facts with respect to the Defendants' classification as an "insider". The Motion for Summary Judgment is denied.