**In the Matter of Larry Nowlin DONALDSON and Lulu Jane Donaldson, Debtors.**

**EXCHANGE BANK OF RICHMOND, Plaintiff,**

v.

**Larry Nowlin DONALDSON and Lulu Jane Donaldson, Defendants,**

and

**John R. Stonitsch, Trustee.**

**Bankruptcy No. 80–01567–3. Adv. No. 80–0352–3.**

United States Bankruptcy Court, W. D. Missouri, W. D.

Oct. 21, 1980.

Roger M. Driskill, Richmond, Mo., for plaintiff.

Michael W. Flood, Excelsior Springs, Mo., for the Donaldsons.

John R. Stonitsch, Kansas City, Mo., pro se.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT DENYING RELIEF FROM THE AUTOMATIC STAY AND ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY ITS LIEN SHOULD NOT BE AVOIDED BY THE TRUSTEE AND THE TRUSTEE TO SHOW CAUSE WHY HE SHOULD NOT SET OFF PROPERTY TO THE DEBTORS AS EXEMPT

DENNIS J. STEWART, Bankruptcy Judge.

This is an adversary action brought pursuant to § 362 of the Bankruptcy Code for relief from the automatic stay of actions against debtors. The complaint was filed by the plaintiff herein on August 14, 1980. The court, in accordance with § 362(e) of the Code, set its hearing thereon for September 18, 1980, a date within 30 days of the filing of the complaint. The plaintiff then appeared by Roger M. Driskill, Esquire, its counsel; the defendants appeared personally and by Michael W. Flood, Esquire, their counsel; and John R. Stonitsch, Esquire, the trustee herein in bankruptcy, appeared personally.

The evidence then adduced demonstrated that the defendant debtors own a residence which is valued at $9,000; that on March 3, 1980, and within 90 days of the order for relief herein, the plaintiff obtained a general personal judgment in the Circuit Court of Ray County against the defendants in the sum of $4,142.32; and that the judgment was prior to the order for relief herein, properly filed and docketed is that it constituted a lien, under the governing law of Missouri, upon the real property here in question.[1]

Thus, ordinarily, the plaintiff would be considered to have perfected a security interest in the realty which would entitle it to relief from the automatic stay so that it might proceed to foreclose on its $4,142.32 interest in the subject real property.

The defendants, however, contend that they are entitled to avoid the lien under so much of § 522(f) which provides for the avoidance of judicial liens "on an *interest of the debtor* in property to the extent that such lien impairs an exemption." (Emphasis added) It appears, however, from such of the legislative history underlying the statute as is unambiguous that the "interest of the debtor" is limited to the value of the security which exceeds the balance due on the secured indebtedness. Thus, it is unequivocally said, in the legislative history under § 722 of the Code (describing and governing the process of "redemption" of a liened article, by means of which more than the "debtor's interest" in the property [i. e., absolute title to the property] may be granted to the debtor) that the "debtor's interest" is so limited: ["Thus, . . ., if a debtor owned a $2,000 car, subject to a $1,200 lien, the debtor could exempt (under § 522) *his $800 interest* in the car." [Emphasis added] The interest of the debtor which can be exempted under § 522 therefore appears to be the difference between the value of the security and the balance due the lienholder. If there is no

1. This material issue is one which is not contested in this action.

difference or a negative difference (i. e., the balance due is greater than the value of the security), there is no interest which can be exempted; and accordingly, lien avoidance is not an available remedy.

Into this latter category the facts of this case fall. Therefore, lien avoidance under § 522(f), if it is ever appropriate in respect of real property,[2] is not proper in this case.

But, if it cannot therefore be said that the defendant debtors can avoid the plaintiff's lien under § 522(f), *supra*, it appears that the lien may well be avoided and nullified by the trustee in bankruptcy (who has, as noted above, has appeared in this case with the purpose of being made a party in interest) under § 547 of the Bankruptcy Code. Under the applicable provisions of that section, a trustee in bankruptcy may avoid "any transfer of property of the debtor (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made ... on or within 90 days before the date of the filing of the petition ... (5) that enables such creditor to receive more than such creditor would receive if ... the case were a case under chapter 7 of this title ..." From the facts found above, it appears that all those elements have been demonstrated to be present in this case, with the possible exception of insolvency of the debtors at the time of the transfer. But, in respect of this element, "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." Section 547(f) of the Bankruptcy Code.

Thus, it appears that, unless the plaintiff can "come ... forward with some evidence to rebut the presumption," see the legislative history at § 547(f), *supra*, its lien must be deemed avoidable at the suit of the trustee. For under § 547, "[t]he trustee may avoid a transfer of a lien," id., including a judicial lien. See § 101(28) of the Bankruptcy Code.

Further, if the trustee should be able to avoid the lien under § 547, *supra*, then the debtors may claim against him their exemptions under § 522(d) of the Code once the lien of the plaintiff is avoided. It appears that the claimable exemptions would exceed the value of the realty, which the trustee would accordingly have to set off to the debtors as exempt property.

Therefore, it is inappropriate now to grant relief from the automatic stay before the plaintiff has an opportunity to describe any evidence which it would offer to rebut the presumption of insolvency and before the trustee has had an opportunity to dispute the exemption issue (on which he appears, in the course of the hearing of September 18, 1980, already to have capitulated). Accordingly, it is hereby

ADJUDGED that plaintiff's complaint for relief from the automatic stay be, and it is hereby, denied. It is further

ORDERED that the parties show cause in writing within 15 days of the date of entry of this order why plaintiff's lien should not be deemed avoidable by the trustee herein in bankruptcy and why the trustee should not set off the subject real property to the debtors as exempt.

---

**2.** This appears to be a proposition surrounded by some grave doubt.