**In the Matter of Thomas Leroy MILLER and Lois E. Miller, Debtors.**

**Thomas Leroy MILLER, Plaintiff,**

**v.**

**Douglas E. MERZ, County Attorney for Richardson County, Nebraska, Defendant.**

**Bankruptcy No. BK81–1835.
Adv. No. A82–106.**

United States Bankruptcy Court, D. Nebraska.

June 27, 1983.

Clay Statmore, Lincoln, Neb., for plaintiff.

Douglas E. Merz, Falls City, Neb., for defendant.

MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

The matter presently before the Court has been submitted without oral argument

on order of pretrial conference and on the briefs of counsel. Parties have agreed that the following may be established as uncontroverted facts in this adversary proceeding. By a March 18, 1976, order of the District Court of Richardson County, Nebraska, Thomas Leroy Miller, the debtor in this action, was ordered to pay $50 monthly to his former spouse for the support of the couple's minor child. On December 28 of that year, the former Mrs. Miller assigned to the Nebraska Department of Public Welfare her right to receive those child support payments pursuant to § 402(a)(26) of the Social Security Act, 42 U.S.C. § 602(a)(26). That assignment has never been released. On September 15, 1981, Mr. Miller and his current wife filed a petition for relief under Chapter 13 of the Bankruptcy Code. As of the petition date, Mr. Miller was $3,790 delinquent in his child support payments. A hearing in the District Court of Richardson County regarding whether Mr. Miller should be held in contempt for failure to make child support payments has been continued until determination is made by this Court as to the dischargeability of that child support obligation.

■ The first issue to be resolved in this proceeding is whether the amendment of the Social Security Act, Public Law 97–35 § 2334, referred to as the Omnibus Budget Reconciliation Act, renders child support payments due after an assignment by the recipient spouse nondischargeable in bankruptcy proceedings. The Omnibus Budget Reconciliation Act, effective August 31, 1981, amended § 523(a) of the Bankruptcy Code to read in pertinent part,

"A discharge under § . . . 1328(b) of this Title does *not* discharge an individual debtor from any debt . . . (5) to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement but not to the extent that (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to § 402(a)(26) of the Social Security Act)."

The statutory language is clear. Effective August 31, 1981, an assignment pursuant to § 402(a)(26) of the Social Security Act renders a child support obligation nondischargeable in bankruptcy.

The second issue raised by the parties is the effect of that amendment upon payments owed by this particular debtor. The debtor suggests that because the support obligations accrued prior to the effective date of the amendment, such child support obligations assigned to a state agency were dischargeable; therefore, this plaintiff's child support obligations should be discharged. I disagree. This plaintiff/debtor filed his petition for relief under the Bankruptcy Code after the effective date of the Omnibus Budget Reconciliation Act.

■ The cleavage date for defining the rights of the debtor and his creditors has historically been the date of the filing of the petition in bankruptcy. It is that date which determines when the trustee's avoiding powers arise and when the debtor's rights in exempt property are defined. See *In Re Statmore*, 22 B.R. 37 at 38 (Bkrtcy.D. Neb.1982). Absent express language to the contrary, the filing date and not the date the debt accrued is determinative of the debtor's rights and obligations in this action.

The facts in the instant case are clear. The petition in bankruptcy was filed after the effective date of the amendment, and, pursuant to the agreed-upon uncontroverted facts, the assignment was made pursuant to § 402(a)(26) of the Social Security Act. The debt is, according to 11 U.S.C. § 523(a)(5), nondischargeable.

The third and final issue for determination is whether or not a permanent injunction in the instant case should issue preventing the defendant/county attorney from making any attempt to enforce the collection of child support due subsequent to the December 28, 1976, assignment and prior to September 15, 1981, the date this petition for relief was filed. In view of the

foregoing determination that the debt owed by this plaintiff/debtor for past-due child support payments is nondischargeable in bankruptcy, I decline to issue the injunction requested by the debtor. A separate judgment is entered in accordance with the foregoing.