In re Glenn W. BRAYMAN, Debtor.

Glenn W. BRAYMAN, Plaintiff,

v.

Harold PETERSEN and Eleanor Petersen, Defendants.

Bankruptcy No. 82–2192–L.
Adv. No. A83–477.

United States Bankruptcy Court,
D. Massachusetts.

July 16, 1985.

**140**

Neal E. Satran, Boston, Mass., for plaintiff.

Henry C. Ellis, Taunton, Mass., for defendants.

Lloyd E. Belford, Fall River, Mass., trustee.

## MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT

THOMAS W. LAWLESS, Chief Judge.

This Court has before it the complaint of the plaintiff-debtor Glenn W. Brayman ("Brayman") seeking a determination that defendants Harold and Eleanor Petersen's ("Petersens") real estate attachment constitutes a voidable preferential transfer pursuant to 11 U.S.C. § 547(b)(4)(B). In addition, it is claimed that the attachment impairs the plaintiff's exemption interest under 11 U.S.C. § 522(d)(1). The plaintiff has moved for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure, as incorporated by Rule 756 of the Rule of Bankruptcy Procedure, which motion has been opposed by the defendants. The parties have submitted pleadings, memoranda and an affidavit of the defendants in support of their respective positions.

The facts are as follows. Brayman was the owner of two parcels of real property, a residence on Commonwealth Avenue in Attleboro, Massachusetts with an appraised value of $57,500 and commercial property on 877 So. Washington Street, North Attleboro, Massachusetts.

On or about September, 1977 the Petersens, Brayman's mother-in-law and father-in-law, loaned Brayman $25,000. Brayman made periodic payments on this loan, and in February 1981, in consideration of his indebtedness, he executed and delivered to the Petersens a $35,000 note secured by a mortgage on the commercial property. The parties also executed a discharge of this mortgage, which they agreed was to be recorded only with the Petersens' consent. Brayman, without the permission of the Petersens, subsequently recorded the

discharge, leaving the Petersens unsecured creditors. Brayman ceased making payments to the Petersens in 1982, and on May 13, 1982 the Petersens obtained a Writ of Attachment on Brayman's residence. On December 10, 1982 Brayman filed his Chapter 7 petition. The debtor's schedules indicate that at the time the petition was filed, there were mortgages on the residential property senior to the Petersens' lien totaling $63,800. One, in the amount of $8,800, was subsequently satisfied.

In moving for summary judgment Brayman asserts that the attachment was obtained by insiders who at the time of the attachment had reasonable cause to believe that he was insolvent. Having been obtained within the time limits set out in 11 U.S.C. § 547, the attachment is therefore voidable. In addition, Brayman contends that the attachment is voidable in that it impairs his exemption interest in the property as provided for in § 522(d)(1). The Petersens assert that despite their relation to Brayman they were at arms length when the attachment was obtained and were without knowledge of Brayman's financial condition. They further assert that Brayman has no equity interest in the residential property which is capable of being impaired by the attachment.

When ruling on a motion for summary judgment, it is not the function of the Court to resolve factual disputes. Rather, the Court need only determine whether a genuine issue as to any material fact exists. In making this determination, all doubts concerning the existence or nonexistence of a genuine issue of fact must be resolved against the moving party. *United States v. Diebold,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Hence, Brayman, the moving party here, has the burden of affirmatively demonstrating the lack of any genuine issue of fact on every relevant issue raised by the pleadings. *Mack v. Cape Elizabeth School Bd.* 553 F.2d 720, 722 (1st Cir.1977). Further, all inferences to be drawn from underlying facts contained in affidavits, exhibits and depositions filed with the Court must be viewed in the light most favorable to the party

opposing the motion for summary judgment. *Ferguson v. Omnimedia, Inc.* 469 F.2d 194 (1st Cir.1972).

Applying that standard herein, this Court finds that there exist several material issues of fact which preclude the granting of the instant motion.

■ First, Brayman asserts that the Petersens, as Brayman's mother-in-law and father-in-law, enjoyed a relationship of sufficient closeness with Brayman to preclude the notion of an arms length transaction. Thus, the Petersens were "insiders" within the definition set forth in 11 U.S.C. § 101(25). The Petersens dispute this characterization of their relationship with Brayman and assert, by way of affidavit, that they were at arms length when the attachment was obtained and that they were not insiders with reference to Brayman.

Second, there exists a factual dispute as to whether the Petersens had reason to know of Brayman's insolvency when they obtained the attachment. Brayman asserts that the Petersens had intimate knowledge of his financial affairs which they gained through himself and his wife, their daughter. Being so informed, the Petersens sought and obtained an attachment on his property. The Petersens, by way of affidavit, indicate that at no time during the relevant period did they have any reason to believe that Brayman was insolvent. They also assert, by way of affidavit, that it was Brayman's unauthorized recording of a discharge of their mortgage which caused them to seek the attachment.

On these issues, based on the submissions of the parties, this Court cannot find that the plaintiff-debtor has satisfied his burden of demonstrating that no genuine issue of material fact exists. The existence of these factual issues therefore precludes the granting of the plaintiff-debtor's motion for summary judgment.

■ The question of whether Brayman has any equity interest in the residential property which is capable of being impaired by the Petersens' attachment is purely a

matter of law and may be decided here. Under 11 U.S.C. § 522, a debtor is entitled under certain circumstances to avoid a lien on his property to the extent that the lien impairs an exempted interest of the debtor in such property. However, it is only the debtor's equity, if any, in the property over and above valid liens which is capable of supporting such an exemption. *In re Canady,* 9 B.R. 428, 431 (Bankr.D.Conn.1981); *Matter of Donaldson,* 7 B.R. 559, 560 (Bankr.W.D. Missouri 1980). The fair market value of the property was $57,500 at filing. Brayman asserts that at the time he filed his complaint there were two outstanding mortgages on the property totaling $50,500. The $7,000 difference thus represents his equity. The Petersens assert that at the time the Chapter 7 petition was filed, the property was encumbered by three mortgages totaling $58,800. Therefore, Brayman has no equity in the property which is capable of being impaired.

■ Brayman's analysis of the encumbrances is based on the date he filed his complaint, and the Petersons' as of the time the Chapter 7 petition was filed. The law is clear that exemptions are to be determined as of the filing date of the petition in bankruptcy, *In re Miller,* 31 B.R. 75, 76 (Bankr.D.Nebr.1983); *In re Warren,* 38 B.R. 290, 291 (Bankr.N.D.N.Y.1984); *In re Cameron,* 25 B.R. 119, 120 (Bankr.N.D. Ohio 1982). A review of the debtor's schedules indicates that in fact the property was encumbered on that date with mortgages in the total amount of $63,800. Therefore, I find that Brayman has no equity in the property which is capable of being impaired. Accordingly, the motion for summary judgment is DENIED.