In re 1000 INTERNATIONAL
BUILDING ASSOCIATES,
LTD., Debtor.

Bankruptcy No. 87–00340–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

Oct. 1, 1987.

---

Douglass E. Wendel, Palm Beach, Fla., trustee.

Leslie Gern Cloyd, Ackerman, Bakst, Gundlach, Lauer & Zwickel, P.A., West Palm Beach, Fla., for trustee.

Patrick S. Scott, Ft. Lauderdale, Fla., for debtor.

Robert C. Furr, Boca Raton, Fla., for creditors.

## ORDER DENYING CONFIRMATION AND CONVERTING CASE

THOMAS C. BRITTON, Chief Judge.

The debtor's plan was before the court for confirmation on September 8. The debtor's principal creditors and the trustee have each objected to confirmation. I agree that confirmation must be denied.

■ The objecting creditors hold the second and third mortgages on the debtor's only asset, an office building with space for nine tenants. The creditors obtained a foreclosure July 6. At that time the debtor owed $739,232 on the two mortgages plus costs and fees not yet assessed. The creditors' claims constitute Class 2 in the debtor's plan. The class is admittedly impaired by the plan. The creditors have rejected the plan. Therefore, confirmation must be denied under 11 U.S.C. § 1129(a)(8).

■ Furthermore, § 1129(a)(10) requires that:

"At least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider."

The only classes which have accepted the plan are Classes 3 and 4. Class 4 is admittedly an insider. Class 3 is Mortgage Investors Trust, a trust for the benefit of the two older sons of H. Schreiber. The debtor is a limited partnership. Schreiber is a general partner and dominates the corporation, which is the other general partner.

Section 101(30) defines "insider" as including:

"(C) if the debtor is a partnership ... (ii) relative of a general partner".

I find that the trust for Schreiber's sons is an insider and, therefore, that confirmation must also be denied under § 1129(a)(10).

Eleven days before the confirmation hearing (and after the foregoing objection had been made), the debtor filed an Amended Plan adding a class for a single unsecured creditor and sought leave to limit notice relating to the amendment and to permit the new creditor to vote on the plan after the confirmation hearing. The debtor argues that this creditor, if permitted to do so, will vote for the plan and thus satisfy the requirement of § 1129(a)(10).

■ This creditor's claim is $471 for property management services during the first six weeks of this bankruptcy. The debtor claims to have first learned of this claim two and a half weeks before bankruptcy, but cannot now state what month the claim is for and cannot explain what the previous payment to this creditor was for. I find that this is a last moment effort to salvage a rejected plan by creating a new class with a trivial claim which also appears to be fictitious. For these reasons, the motion to limit notice is denied and the proposed amendment is rejected.

■ Section 1129(a)(11) requires that the plan must also be economically feasible. I cannot make that finding here. The major tenant of this building is the State. Since

it filed for bankruptcy, the debtor, without notice to or consent of its mortgagees, has renegotiated its lease with the State, reducing the rental from $18.09 to $13.90 per square foot in exchange for a proposed rental by the State of an additional 2700 square feet to be constructed for it by the debtor. The failure of this debtor to inform the objecting mortgagee and obtain its consent (required under the mortgage) together with the other circumstances of this case, convince me that this debtor's projections, upon which feasibility must depend, are not credible. In reaching this conclusion I take note of the fact that there has been virtually no building maintenance by the debtor, that two tenants have left since bankruptcy and have not been replaced, and that this is but one of a dozen partnerships dominated by Schreiber which came into this court simultaneously. Therefore, for this third reason as well, confirmation must be denied.

The debtor has requested cram down of its plan under § 1129(b), notwithstanding the objector's rejection. Cram down is available only if the plan meets *every* requirement of § 1129(a) except (8). That is not the case here.

■ Pursuant to notice previously given, the question whether this case should be dismissed or converted was also before the court at the confirmation hearing. The case has been pending eight months. The debtor has had more than an adequate opportunity to present a confirmable plan of reorganization. It has failed to do so. The objecting creditor has a foreclosure sale scheduled and should not be delayed further in the enforcement of its rights under State law.

The case is converted to chapter 7 in order that the trustee may disburse the funds on hand, pursue any claims or other assets of the debtor, and obtain compensation for himself and his attorney. Conversion shall not interrupt the stay relief granted the objecting mortgagee to proceed with the scheduled foreclosure.