**In re Richard W. WINN, Debtor.**

**John E. VENN, Jr., Trustee, Plaintiff,**

v.

**Chuck K. PURCELL, Defendant.**

**Bankruptcy No. 88–04227.
Adv. No. 89–9002.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

Jan. 16, 1991.

John E. Venn, Jr., pro se.

Mike Chesser, Shalimar, Fla., for defendant.

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter is before the Court on the Plaintiff's motion for summary judgment. Plaintiff is the Chapter 7 Trustee in the debtor's case and seeks to recover an alleged preferential payment made to Chuck Purcell ("Defendant"), Debtor's former father-in-law. Having considered the argument of counsel together with the submitted memorandum of law and for the reasons set forth below, Plaintiff's motion for summary judgment is partially granted.

In December, 1986, the defendant loaned the debtor $23,000.00 which enabled the debtor to pay off the debtor's credit card bills. The debtor signed a promissory note agreeing to pay to the defendant $483.40 per month. Several days after Debtor made his first payment he left the marital home. He remained married to the defendant's daughter until August, 1988. Debtor remained current with his payments through February, 1988. On April 11, 1988, Debtor filed his petition in bankruptcy.

The trustee seeks to avoid, as a preference, pursuant to 11 U.S.C. § 547(b), all payments made to the defendant by the debtor within one year prior to the debtor filing a petition in bankruptcy. Defendant argues that he does not fall within the definition of "insider," and even if he did interest payments are not preferential payments. Additionally, the defendant argues that the payments were made in the ordinary course of business and, therefore,

cannot be recovered as preference payments pursuant to § 547(c)(2). The issues presently before the court are: whether the defendant was an insider when the payments were made; whether interest payments are preferential payments; whether the debtor was insolvent at the time of the transfers; and whether the payments were made in the ordinary course of business.

### STANDARD OF REVIEW

A summary judgment may only be issued on matters where there is no genuine issue as to any material fact. Bankruptcy Rule 7056. Defendant contends that the issues of whether he is an insider and whether the transfer is a preference are questions of fact and may not be determined by summary judgment.

■ An insider is defined by 11 U.S.C. § 101(30), therefore, the question of whether the defendant is an insider is a question of law. The Ninth Circuit Bankruptcy Appellate Panel, in *In re Schuman*, 81 B.R. 583 (9th Cir. BAP 1987), stated, "where the underlying facts are undisputed, a trial court is free, on a motion for summary judgment, to determine whether the established facts satisfy the statutory standard." *Supra*, at 586, fn. 1. Since there is no dispute that at the time of the transfers the defendant was the father-in-law of the debtor, we may determine whether the defendant was an "insider" at the time of the transfers.

■ Likewise, whether a payment is a preference is defined by 11 U.S.C. § 547(b). It, too, is a question of law. However, the amount of the preference, if any, is a factually disputed issue which cannot be determined in a summary judgment. Accordingly, we will determine, for the purposes of this motion for summary judgment, the issues of whether the transfer made to Purcell was a preference payment and whether it was made to an insider.

### INSIDER

■ An "insider," as defined by 11 U.S.C. § 101(30), includes a relative of the debtor. A "relative" is defined as an individual related by affinity or consanguinity within the third degree. 11 U.S.C. § 101(39). Affinity is regarded as the connection existing in consequence of marriage between each of the married persons and the kindred of the other. *In re Ribcke*, 64 B.R. 663 (Bkrtcy.D.Md.1986), *citing, In re Bordeaux' Estate*, 37 Wash.2d 561, 225 P.2d 433, 436 (1950). From the unity of marriage, one party to the marriage holds by affinity the same relation to the blood relatives of the other as the other stands toward them. *Supra.* The doctrine of affinity would regard one party's father-in-law as that party's father. Consequently, the debtor in this case and the defendant are related by affinity. Therefore, by definition, Defendant is an insider.

Defendant asserts that the test to determine an insider focuses on the closeness of the parties and the degree to which the transferee is able to exert control or influence over the debtor. *Schuman, supra.* This argument ignores the fact that the parties are related by affinity. The distinguishing factor in *Schuman* is the fact that the payments made by the husband to the ex-wife were made after the parties were already divorced. In that case, the Court did not determine whether the ex-wife was "sufficiently close to exercise control" until after it had determined that she was not an "insider." In the case before us, the debtor and the defendant's daughter remained married during the period in which the debtor made payments to Purcell. Regardless of the fact that Purcell may not have had "control" over the debtor's financial determinations, he remained, by definition, "trapped in the category of insider." *Ribcke, supra* at 666. Once the defendant is statutorily defined as an "insider" the inquiry stops. After that point, there is no reason to determine the degree of control. Accordingly, the trustee may seek to avoid any transfers made to the defendant within one-year prior to the debtor filing his petition.

### INSOLVENT

■ Before the trustee may avoid a transfer made to an insider, he must show

that the debtor was insolvent at the time of the transfers. The debtor is presumed to be insolvent 90 days preceding the date of the filing of the petition. 11 U.S.C. § 547(f). For the period between 90 days and one year preceding the filing of the petition, the trustee must show that the debtor remained insolvent. To show insolvency, the Bankruptcy Code uses a balance sheet test: "insolvent" means—with reference to an entity other than a partnership, and a municipality, financial condition that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation. 11 U.S.C. § 101(31)(A).

In Defendants answer to interrogatories he stated that the debtor borrowed $23,000 so the debtor could pay the balance on his credit cards. The complete amount was applied to credit cards "with the intention of getting [the debtor] out of debt." Additionally, the debtor's schedules and statement of affairs, filed with the petition, show that at the time of filing the petition the debtor had $3,035.00 in assets and over $27,000.00 in debts. During the year preceding the filing, no transfers of property were made and the liabilities had not decreased. These undisputed facts show that the debtor was insolvent at the time he filed the petition and at the time the payments were made to the defendant.

Defendant has submitted an affidavit stating the debtor was solvent at the time the payments were made. The affidavit makes no showing that the value of the debtor's assets ever equalled or exceeded the amount of his debt. Accordingly, we find that at the time that the debtor made payments to Defendant he was insolvent.

### PAYMENTS IN ORDINARY COURSE OF BUSINESS

Defendant further asserts that the trustee is precluded, pursuant to § 547(c)(2), from avoiding the transfer because the payments made to him were made within the debtor's ordinary course of business. Defendant claims that a determination that long-term debts are not generally incurred in the ordinary course of the financial affairs of an individual "disregards the reali-

ty of contemporary society in which long-term debt is generally a real part of an individual's financial affairs." This reasoning ignores the meaning of ordinary course of business.

The court, in *In re Jackson*, 90 B.R. 793 (Bkrtcy.D.S.C.1988), considered a case similar to this case and examined the legislative history of § 547(c)(2). The court quoted from the House Reports which stated, referring to § 547(c)(2)

The second exception protects ordinary course of business (or of financial affairs, where a business is not involved) transfers. For the case of a consumer, the paragraph uses the phrase 'financial affairs' to include such nonbusiness activities as payment of monthly utility bills ... The purpose of this section is to leave undisturbed normal financial relations, because it does not detract from the general policy of the preference section to discourage unusual action by either the debtor or his creditors during the debtor's slide into bankruptcy. H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 373 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 88 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5785, 5874, 6329.

The court in *Jackson* determined that neither the long-term loan nor the repayment of the loan were within the debtor's ordinary course of business.

The Ninth Circuit, in *Matter of CHG Intern, Inc.*, 897 F.2d 1479 (9th Cir.1990), also examined whether § 547(c) excepted a long-term debt from avoidance. The court reviewed many cases that ruled on the issue and reasoned that excepting such a debt from avoidance would be against the congressional policy of pro rata distribution. The court said that "if the exception were to include long-term debt, this would neutralize the effect of the preference section by excepting almost every kind of payment a debtor makes during the [preference] period. Essentially there would be nothing left for the debtor's trustee to avoid." The court went on to rule that, as a matter of law, payments on long-term loans should not be included in the § 547(c) exception.

The purpose of this provision is to allow the debtor's creditors to continue to transact business with the financially troubled debtor without the fear of having to return any payments they receive. This allows the debtor to continue to survive during the troubled times. The transfers from the debtor in this case to the defendant were not the type of transactions in which this provision protects. The payments to the defendant were not necessary for the debtor to survive during the time preceding the filing of his petition. We agree with the Ninth Circuit and find that, as a matter of law, payments on long-term loans should not be included in the § 547(c) exception.

## INTEREST PAYMENTS

The final argument asserted by the defendant claims that interest payments are not preferential payments. Defendant claims that $2,068.25 of the $4,356.16 paid to him within the preferential period was for interest and that as such it cannot be avoided as a preferential transfer. *Iowa Premium Service Co., Inc.,* 695 F.2d 1109 (8th Cir.1982), *In re Smith–Douglass,* 842 F.2d 729 (4th Cir.1988). The issue involved in the cases that Defendant cites was whether the interest payments were payments made on account of an antecedent debt. We assume, by citing to those cases, that the defendant is making the argument that the amount of debtor's payments attributable to the interest was incurred monthly as it became due, and, therefore, was not a payment on an antecedent debt. Both of those cases are distinguishable from the case at bar. In those cases, the preferential payments made to the creditors were for only the interest on the debt. In fact, both courts distinguished their case from *Barash v. Public Finance Corp.,* 658 F.2d 504 (7th Cir.1981) which involved payments that included both interest and principal, as in the case at bar. The *Iowa Premium* court held that the debtor was not legally bound to pay interest until the debtor actually used the money. The court drew an analogy between the payment of interest and the payment of a utility bill. The debt to the utility is not incurred until the resource is consumed. Likewise, the

interest is not incurred until the money is used. Therefore, the court found, the interest was not on account of an antecedent debt but was incurred monthly as it became due. The Ninth Circuit, in *CHG Intern,* said that the analogy between the use of money over time and the use of a utility service was inappropriate because a long-term borrower receives his lump-sum loan and becomes obligated to pay for it at that time. *Supra,* at 1486.

The court, in *In re Western World Funding, Inc.,* 54 B.R. 470 (Bkrtcy.D.Nev. 1985), also considered payments of interest. That Court agreed with the dissent in *Iowa Premium* and found that a debt for interest is incurred when the debtor obtains the funds, even if at that time the obligation is unmatured and contingent. The Court in *CHG Intern* agreed with the *Western World* court and stated that once the debtor receives the funds, consideration for payment of principal and interest had passed. *Supra,* at 1486.

Section 547(b)(2) allows the trustee to avoid any transfer of an interest of the debtor in property "for or on account of an antecedent debt owed by the debtor before such transfer was made." In this case, the interest payments made to the defendant were for or on account of an antecedent debt owed by the debtor. The interest payments would not have been made had it not been for the debt owed to the defendant. Surely, the legislature, with its use of the words "for or on account of an antecedent debt," considered the payment of interest as part of payment on the antecedent debt. We find that the interest payments were for or on account of an antecedent debt and are avoidable by the trustee.

## SUMMARY

In December, 1987, the defendant agreed to give the debtor a long-term loan for the amount of $23,000. The debtor was to pay to the defendant $483.40 per month. He made these payments through February, 1988. He then filed his petition in bankruptcy on April 11, 1988. Section 547(b) of the bankruptcy code allows the trustee to avoid any transfers to insiders made within one year of the filing the petition in bank-

ruptcy for or on account of an antecedent debt. The defendant in this matter was the debtor's father-in-law and was an insider at the time the transfers were made. Additionally, the payments, principal and interest, made to the defendant were for or on account of an antecedent debt. The repayment of a long-term loan is not within the ordinary course of the debtor's business, therefore, the defendant is not protected by § 547(c). Since the parties have not agreed on the amount that was transferred to the defendant during the year preceding the filing of the petition, we cannot determine the amount that the trustee can avoid. Accordingly, it is

ORDERED AND ADJUDGED that the Trustee's motion for summary judgment is granted as to whether Purcell was an insider; whether the debtor was insolvent at the time of the transfer; whether the payment was on account of an antecedent debt; and, whether the payments were made within the ordinary course of business. The sole remaining issue to be determined is the amount that the trustee may avoid.

DONE AND ORDERED.