**In re Charles Ray POLK, Debtor.**

**John CIMINO, Trustee, Plaintiff,**

**v.**

**The WRITER CORPORATION, The Writer Corporation Profit Sharing Trust, and Colorado State Bank in its Capacity as Trustee of the Writer Corporation Profit Sharing Trust, Defendants.**

**Bankruptcy No. 90–B–06156–J.
Adv. No. 90–1396–SBB.**

United States Bankruptcy Court,
D. Colorado.

March 20, 1991.

Edward T. Ramey, Christopher E. Bench, Denver, Colo., for Trustee, John Cimino.

Milnor H. Senior, Robert I. Cohen, Denver, Colo., for debtor/defendant.

## MEMORANDUM OPINION AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on the Debtor's Motion for Summary Judgment filed pursuant to B.R. 7056 on January 11, 1991 ("Motion").[1] Debtor's Motion seeks a determination and entry of judgment that Defendant The Writer Corporation Profit Sharing Trust ("Profit Sharing Trust") is *not* an insider and thus not subject to the Trustee's preference avoidance powers pursuant to 11 U.S.C. § 547. The Debtor maintains that the Defendant Profit Sharing Trust, to which Debtor repaid a $79,375.00 loan within one year prior to filing his bankruptcy Petition, is not an insider as defined by the Bankruptcy Code and the Trustee cannot, as a matter of law, avoid and recover as a preferential transfer the loan repayment he made to the Profit Sharing Trust.[2]

The question before the Court is whether a trust, such as the Debtor's Profit Sharing Trust, is an "insider" under the Bankruptcy Code and, thus, subject to a trustee's powers to avoid preferential transfers made more than 90 days, but within one year, prior to bankruptcy. The Court concludes that a trust, here the Debtor's Profit Sharing Trust, can be deemed an insider of an individual debtor, under 11 U.S.C. § 101(30),[3] and may, thus, be subject to the Trustee's power to avoid and recover preferential transfers made to it between 90 days and one year before the date of the filing of the Debtor's Petition.

---

1. Debtor, a participant and beneficiary of the Defendant The Writer Corporation Profit Sharing Trust, was allowed to intervene as a party pursuant to B.R. 7024.

2. Debtor and the Profit Sharing Trust also, generally, maintain in their defense that: payment of the debt by the Debtor was not payment of an antecedent debt; payment was not made while Debtor was insolvent; the Profit Sharing Trust did not receive more than it would have received if it had received distributions under Chapter 7; the debt was paid in the normal course of business; and the Debtor received contemporaneous consideration through payment of the debt. 11 U.S.C. § 547(b) and (c).

3. *Accord, In re 1000 International Building Associates, Ltd.,* 81 B.R. 125, 126 (Bankr.S.D.Fla. 1987) (a trust established for the benefit of the two older sons of the dominant general partner of the limited partnership debtor held to be an insider).

## FACTS [4]

1. Debtor filed his Chapter 7 bankruptcy Petition on May 14, 1990.

2. At all times relevant, Debtor served as an officer and director of Defendant The Writer Corporation and was a participant in and beneficiary of the Profit Sharing Trust. Defendant Colorado State Bank served as the trustee and custodian of the Profit Sharing Trust.

3. Debtor paid $79,375.00 on a debt he owed to the Profit Sharing Trust more than 90 days, but within one year, prior to filing his bankruptcy Petition.

4. The Debtor and Profit Sharing Trust assert that:

(a) The Debtor, The Writer Corporation, and the Profit Sharing Trust are separate entities;

(b) the Debtor is neither "a relative or general partner" of the Profit Sharing Trust;

(c) the Profit Sharing Trust "is not a corporation of which [the Debtor] is a director, officer, or person in control"; and

(d) the Profit Sharing Trust is neither "a partnership in which [Debtor] is a general partner," "a relative or general partner," or "a relative of a general partner" of the Debtor.

## DISCUSSION

■ Generally, a payment made to a creditor on account of an antecedent debt, which payment was made while the debtor was insolvent and was made between 90 days and one year before the date of filing

of the petition, and which also allows the creditor to receive more than if there had been distribution under Chapter 7, will constitute an avoidable preferential transfer, *if the creditor qualifies as an insider of the debtor.*[5]

Defendant/Debtor maintains that the transferee of the repaid debt, the Profit Sharing Trust, is *not an insider* as defined by the Bankruptcy Code and thus, as a matter of law, it is not subject to avoidance and recovery of the alleged preferential transfer. An insider of an individual/debtor, as expressly specified in the Bankruptcy Code, includes a:

(i) [R]elative of the debtor or of a general partner of the debtor;

(ii) partnership in which the debtor is a general partner;

(iii) general partner of the debtor; or

(iv) corporation of which the debtor is a director, officer, or person in control;

11 U.S.C. § 101(30)(A).

By this definition of an insider of an individual debtor, the Profit Sharing Trust is, as a matter of law, *not* an insider of this Debtor. Neither the Debtor nor the Profit Sharing Trust are a relative or partner of the other and the Profit Sharing Trust is not a corporation of which the Debtor is an officer, director, or person in control. While the Debtor was an officer and director of The Writer Corporation, he was not an officer or director of The Writer Corporation Profit Sharing Trust.

■ Significantly, an insider of a debtor may also be a "managing agent of the

---

4. Facts admitted or otherwise derived from the pleadings and affidavits.

5. Section 547 sets forth the following:

"(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—

. . . . .

(B) between ninety days and one year before the date of the filing of the petition, if

such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if—
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title."
11 U.S.C. § 547(b)(1), (2), (3), (4)(B), and (5)(A), (B), and (C).

debtor." 11 U.S.C. § 101(30)(F).[6] This reflects, in part, the concept that "insider" is an ambiguous, somewhat embracing, term. *"Insider" is a term of inclusion rather than exclusion; it is, generally, applied broadly rather than narrowly, flexibly rather than rigidly. Accord, In re Allegheny International, Inc.,* 118 B.R. 282, 298 (Bankr.W.D.Pa.1990) ("11 U.S.C. § 101(30) provides an illustrative, rather than an exhaustive list of the persons or entities which may qualify as insiders"); *In re Rimell,* 111 B.R. 250, 254 (Bankr.E.D. Mo.) *aff'd* 121 B.R. 253 (E.D.Mo.1990) ("insider" includes an attorney who is owed money from a client).

The legislative history of 11 U.S.C. § 101(30) [formerly 101(25)] states that an **insider is an entity or person with 'a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arm's length with the debtor.'** S.Rep. No. 95–989 ("Senate Report No. 95–989"), 95th Cong.2d Sess., *reprinted in* U.S.Code Cong. & Admin.News, pp. 5787, 5810. *See also Matter of Missionary Baptist Foundation of America, Inc.,* 712 F.2d 206, 210 (5th Cir.1983). Congress' use of the word 'includes' in Section 101(3) evidences "Congress' [sic] expansive view of the scope of the insider class, suggesting that the statutory definition is not limiting and must be flexibly applied on a case-by-case basis." Senate Report No. 95–989 at 5812; *Missionary Baptist,* at 210. *See also* 2 L.King, *Collier on Bankruptcy* ¶ 101.30 (15th ed. 1990).

Trustee's Memorandum Brief in Response to Debtor's Motion for Summary Judgment, at p.3. (Emphasis added.)

The question of who or what qualifies as an insider is a question of fact. *See, Matter of K and R Mining, Inc.,* 103 B.R. 136, 139–140 (Bankr.N.D.Ohio 1988); *In re Hydraulic Industrial Products Co.,* 101 B.R. 107, 109 (Bankr.E.D.Mo.1989); *In re Ribcke,* 64 B.R. 663 (Bankr.D.Md.1986); and *In re Brayman,* 51 B.R. 139, 141 (Bankr.D.Mass.1985). *But see, In re Schuman,* 81 B.R. 583, 586 n. 1 (9th Cir.1987) (mixed question of law and fact). The issue of whether the Profit Sharing Trust is an insider of the Debtor will largely be decided on certain facts now disputed and other facts not before the Court. While it is undisputed, for example, that the Profit Sharing Trust and the Debtor are neither relatives, partners, nor officers or directors of one another—and thus are not insiders as strictly defined under Section 101(30)(A)(i) through (iv)—there remain the factual questions of whether the Profit Sharing Trust is (a) a "managing agent of the debtor"[7] or (b) an entity with "a sufficiently close relationship with the debtor that [its] conduct is made subject to closer scrutiny than those dealing at arm's length with the debtor."[8]

Evidence on matters such as Debtor's rights, access, dominion or control, if any, over the Profit Sharing Trust, or over Debtor's interest in the Trust funds, is probative on the question of insider status. Those particular factual matters are, for example, decisive in determining whether a debtor's trust qualifies as a spendthrift trust, or whether certain trust assets constitute property of the bankruptcy estate. *See, Matter of Goff,* 706 F.2d 574 (5th Cir.1983); *In re Alagna,* 107 B.R. 301 (Bankr.D.Colo.1989); *In re Toner,* 105 B.R. 978 (Bankr.D.Colo.1989); *In re Matteson,* 58 B.R. 909 (Bankr.D.Colo.1986).[9] So too,

---

**6.** " '[M]anaging agent' ... refers to those entities that exert or could exert operational control over a debtor, a division or unit of a debtor, or a significant portion of a debtor's property. Such operational control would ordinarily include the ability to make personnel decisions, the authority to incur or pay obligations and access to financial and other information essential to the operation of the debtor." *In re Standard Stores, Inc.,* 124 B.R. 318 (Bankr.C.D.Cal.1991).

**7.** *See,* n. 6, *supra.*

**8.** *See, e.g., Matter of Montanino,* 15 B.R. 307, 310 (Bankr.D.N.J.1981). *See also, In re Henderson,* 96 B.R. 820, 825–826 (Bankr.E.D. Tenn.1989) ("insider" status depends upon the similarity between the facts before the court and the specific definitions contained in 11 U.S.C. § 101(30)(A).)

**9.** Determining whether assets held in trust for a debtor are property of the bankruptcy estate can be a function of the rights, access, dominion or control the debtor has over the trust. Valid

those facts might be decisive in determining the "sufficiently close relationship" between the debtor and the trust, or the "insider" status of a trust, in which a debtor has a right, title or interest, and which has received an alleged preferential transfer from the debtor.[10]

 The Court concludes that a trust, including a profit sharing trust of a debtor's employer, can qualify as an insider of an individual debtor under the Bankruptcy Code and the issue of insider status is to be decided on the facts of the particular case.

Debtor/Defendant would be entitled to summary judgment if, and only if, there were no remaining genuine issues of material fact to be decided in the case. *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir.1987). The Court is required to view the record, pleadings, and inferences, in a light most favorable to the party opposing the motion, here the Trustee. *Grayson v. American Airlines, Inc.*, 803 F.2d 1097 (10th Cir.1986).

The burden of proof is on the movant, here the Debtor, to show, beyond a reasonable doubt, he is entitled to summary judgment. *Norton v. Liddel*, 620 F.2d 1375, 1381 (10th Cir.1980); *In re American Cable Publications, Inc.*, 62 B.R. 536, 537 (D.Colo.1986). The Debtor has failed to carry that burden; there is no entitlement to summary judgment. The motion must be denied.

For the reasons set forth above,

IT IS ORDERED that the Debtor/Defendant's Motion for Summary Judgment filed January 11, 1991 is hereby DENIED. The Court is issuing a pretrial Order pursu-

ant to B.R. 7016 concurrently herewith for further proceedings herein.

---

spendthrift trust assets are not assets of a debtor's estate:

"[T]rust funds with proper and legally sufficient restraints on transfers and alienation will be excepted from being deemed property of the estate" pursuant to 11 U.S.C. § 541(c)(2).
*In re Alagna*, 107 B.R. 301, 307 (Bankr.D.Colo. 1989) (cases cited).
The test by which to measure the validity of a spendthrift trust in Colorado is recited in *In re Matteson*, 58 B.R. 909 (Bankr.D.Colo.1986):
"1. A spendthrift trust is one which by the terms of the trust, restrains the voluntary or involuntary transfer of the beneficiary's interest;
2. A spendthrift trust which names the settlor as beneficiary is invalid; and
3. The operative issue is the extent of dominion and control a beneficiary possesses over the trust corpus."
*In re Alagna, supra* at 308.

10. *See*, n. 6, *supra*. The Profit Sharing Trust might qualify as a "managing agent of the debtor," particularly if that phrase can be construed to mean "managing agent of the assets of the Debtor, or assets to which the Debtor has a right, title or interest."