**In re Gerald Wayne ANDERSON, Debtor.**

**Ronald R. STICKA, Trustee, Plaintiff,**

**v.**

**Gerald Wayne ANDERSON, Joele Beth Goldman, Corey Gerald Anderson and Ronald W. Anderson, Domiciliary Foreign Personal Representative of the Estate of Dorothy Stewart Anderson, Defendants.**

**Bankruptcy No. 692–63583–AER7. Adv. No. 93–6065–AER.**

United States Bankruptcy Court, D. Oregon.

March 21, 1994.

Eric R.T. Roost, Roost & Daugirda, Eugene, OR, for plaintiff.

Craig McMillin, Mills & McMillin, Salem, OR, for defendants.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter comes before the court on the parties' cross-motions for summary judgment. This adversary proceeding has been brought by the trustee to avoid the fixing of

a lien on the debtor's interest in certain real property, to quiet title to the property, and for declaratory relief. The parties have requested that the court decide this matter as a trial on stipulated facts.

## FACTS

In 1983, the debtor filed a Chapter 7 bankruptcy petition in Arizona. When he filed that petition, he owned real property in Arizona ("the property"). Defendant Joele Beth Goldman, the debtor's girlfriend, purchased the property from the debtor's Arizona bankruptcy estate on June 6, 1985. On September 23, 1987 Goldman deeded the property to defendant Corey Gerald Anderson, the debtor's son[1].

Sometime after that, Dorothy Stewart Anderson, a California resident and the mother of the debtor and defendant, Ronald W. Anderson (the debtor's brother), died intestate leaving property in California, Arizona and Texas. In 1988, defendant, Ronald W. Anderson (Ronald) and the debtor were appointed co-personal representatives of Dorothy Stewart Anderson's probate estate (the probate estate). Under California probate law, they are the only residual beneficiaries of her estate. Each would be entitled to receive a 50% share of the estate. California Probate Code §§ 6402(a), 240 (West 1994).

Subsequently, the debtor, without the knowledge of Ronald, converted assets of the probate estate to his own use. After the conversion was discovered by Ronald, Ronald made an *ex parte* application to the California probate court to allow him to continue sole administration of the probate estate.

After the debtor refused to account for the property he had converted and sold, Ronald, as personal representative of the ancillary estate in the State of Arizona, sued the debtor under the Arizona Racketeering and Corrupt Influences Act (RICO) and obtained, in his capacity as personal representative of the probate estate, a judgment of $1,800,000 against the debtor. On January 10, 1992, Ronald, again acting as the personal representative of the probate estate, obtained a lien on the property via a Writ of Attachment.

On August 19, 1992, the debtor filed his Chapter 7 bankruptcy petition, herein. Ronald has obtained a judgment, in this bankruptcy proceeding, that the Arizona RICO debt and the claims of the probate estate are non-dischargeable.

The trustee, as plaintiff, then commenced this adversary proceeding to avoid, as a preferential transfer, the fixing of the lien, via a Writ of Attachment, on the property. Plaintiff also seeks a decree to quiet title to the property and to order its immediate turnover. The fixing of the lien occurred more than 90 days but within one year prior to the date the debtor filed his petition, herein.

## ISSUE

The only issue presented to this court is whether Ronald W. Anderson, acting in his capacity as the personal representative of the probate estate of Dorothy Stewart Anderson, or such probate estate itself, was an insider of the debtor, when the lien attached to the property.

## DISCUSSION [2]

There are five elements to an action to avoid a transfer as preferential under § 547.[3] The parties agree that all but one of

---

1. The debtor, Joele Beth Goldman and Corey Anderson are also defendants in this action. Neither Joele Beth Goldman nor Corey Gerald Anderson have responded to the complaint. Although there may be other issues in this adversary proceeding regarding the ownership of the property in question and in regards to the trustee's claims for declaratory relief and to quiet title, the court is not deciding any of those at this time.

2. All statutory references to are to the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., unless otherwise indicated.

3. The five elements are contained in § 547(b); § 547(b)(4)(B) is at issue:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made
> (A) on or within 90 days before the date of the filing of the petition; or

those elements has been established. If the transfer occurs between ninety days and one year before the date of the filing of the petition, the transfer can be avoided, as a preference, only if the transferee was, at the time of the transfer, an insider.

Section 101(31) of the Code, defines four entities as "insiders" when the debtor is an individual:

"insider" includes—

(A) if the debtor is an individual—

(i) relative of the debtor or of a general partner of the debtor;

(ii) partnership in which the debtor is a general partner;

(iii) general partner of the debtor; or

(iv) corporation of which the debtor is a director, officer, or person in control;

The word "includes" as used in the definition is meant to be expansive.[4] "Relative" is defined in section 101(45) as:

... individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree.

■ The parties agree that when the transfer in question occurred, Ronald was acting only in his capacity as the personal representative of the probate estate. The plaintiff has sued Ronald in that capacity[5]. Plaintiff admits that "If Ronald were being sued personally, he would clearly be an insider.... Being sued in his representative capacity, the defendant is actually the probate estate itself."[6] Ronald agrees with this characterization. The real issue before the court then becomes whether the probate estate is an insider.

■ The Code's definition of "insider" is illustrative; Congress did not intend to limit the classification. "Use of the word 'includes' in § 101(25) now § 101(31) evidences Congress' expansive view of the scope of the insider class, suggesting that the statutory definition is not limiting and must be flexibly applied on a case-by-case basis." *Wilson v. Huffman (In re Missionary Baptist Foundation of America, Inc.),* 712 F.2d 206, 210 (5th Cir.1983).

■ Insiders fall into two categories, those entities specifically mentioned in the statute ("relative," "partnership," "general partner," and "corporation"), i.e. per se insiders, or those not listed in the statutory definition, but who have a "... sufficiently close relationship with the debtor that ... conduct is made subject to closer scrutiny than those dealing at arm's length with the debtor." *Wilson v. Huffman,* 712 F.2d at 210.

■ When the transferee is a per se insider, the court does not need to examine the actual nature of the relationship. In *Zakroff v. Markson (In re Ribcke),* 64 B.R. 663, (Bankr.D.Md.1986), the trustee brought an action against the debtor's deceased wife's parents to recover a conveyance of real property by the debtor to them within one year before the filing of a Chapter 7 petition. Under the facts in that case, the court held that the death of the debtor's wife did not terminate the relationship of affinity between her parents and the debtor. The court also noted "The Marksons are subject to the label of insiders in this case by virtue of the statutory definition which may be expanded by a factual presentation but never contracted." 64 B.R. at 666. *See also, Venn v. Purcell (In re Winn),* 127 B.R. 697 (Bankr.

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

4. " 'includes' and 'including' are not limiting." § 102(3).

5. Paragraph 9 of the Complaint states:
Defendant, Ronald W. Anderson ("R. Anderson"), named as a Defendant in this case in his representative capacity only, is Domiciliary Foreign Personal Representative of the Estate of Dorothy Stewart Anderson ...

6. Plaintiff's Memorandum in Support of Motion for Summary Judgment, p. 1, line 27—p. 2, line 2.

N.D.Fla.1991), where the Chapter 7 trustee sought to recover payments made to the debtor's former father-in-law. There, the court held that the defendant was an insider and noted: ... "Once the defendant is statutorily defined as an 'insider' the inquiry stops. After that point, there is no reason to determine the degree of control." 127 B.R. at 699.

Here, the defendant is the probate estate. It is true that it is the probate estate for Dorothy Stewart Anderson, the mother of the debtor. Its personal representative, is Ronald, the debtor's brother. Either of these individuals would be per se insiders. Probate estates, however, are not listed within the Code's definition of insiders as set forth in § 101(31). The plaintiff likens this situation to that of a closely held corporation. The debtor is entitled to receive ½ of the probate estate. The debtor is, in effect, a 50% shareholder of the equity of the probate estate. Under §§ 101(2)(B) and 101(31)(B)(vi)[7] of the Code, if the probate estate were a corporation in which debtor held a 50% ownership, the corporation would be an insider.

■ If the plaintiff's argument is correct, the probate estate would become a per se insider because of the debtor's beneficial interest therein. This court has found no cases in which the "per se" insider status of probate estates has been discussed. Generally, courts are required to interpret a statute according to its plain meaning. *See, United States v. Ron Pair Enterprises, Inc.*, 489

U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Giving § 101(31) its plain meaning, it is clear that probate estates are not listed as per se insiders. Since the statute specifically includes definitions for relatives, partners, partnerships and certain corporations, it is clear that Congress could have included probate estates of relatives if it had chosen to do so. The plaintiff's analogy is misplaced.[8]

■ Since the probate estate is not a per se insider of the debtor, the court must examine the relationship of the parties and the nature of the transfer presented here to see if the probate estate falls within the second category of insider, i.e. not listed in the statutory definition, but an entity with a sufficiently close relationship to the debtor that transactions and conduct between them should be subject to closer scrutiny. "Who will qualify as an insider must be held as a question of fact." *Miller v. Schuman (In re Schuman)*, 81 B.R. 583, 586 (9th Cir. BAP 1987)[9].

The cases which have considered whether insider status exists for entities not specifically defined as insiders have usually focused on two factors: (1) the closeness of the relationship between the parties and (2) whether the transactions were, in fact, conducted at arms length.

Here, it is helpful to compare two cases, both involving a debtor's ex-spouse. In *Browning Interests v. Allison (In re Holloway)*, 955 F.2d 1008 (5th Cir.1992), certain creditors moved to set aside the debtor's transfer of a security interest to the debtor's

---

7. Section 101(2)(B) defines "affiliate" in part as a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor ..."

   Section 101(31)(b)(vi) provides that if the debtor is a corporation, insider includes a "relative of a general partner, director, officer, or person in control of the debtor."

8. One may speculate that Congress did not include probate estates within the definition of per se insiders for a number of reasons. In many cases, probate estates are not controlled or operate in a manner analogous to that of a corporation. While one owning more than twenty percent of the voting stock of a corporation may indeed exercise control and influence over the corporation's affairs, even a fifty percent benefi-

ciary of a probate estate may have little control in the day to day operations of that estate. Probate estates are normally controlled by personal representatives. In this case, Ronald was appointed the personal representative by a state court. He may manage the day to day affairs of *the probate estate without much input from the* debtor. Indeed, the facts in this case illustrate that the relationship between the probate estate and the debtor has been adverse and hostile.

9. "The Panel agrees that the insider determination might be considered a 'question of fact' in the sense that it is made on a case-by-case basis, after the consideration of various factors. Nevertheless, where the underlying facts are undisputed ... it would be more accurate to consider the insider determination as a mixed question of law and fact." 81 B.R. at 586, footnote 1.

former wife. There, it appeared that the defendant and the debtor had been married to each other for twenty years and had three children in common. At the time of the transfer, the defendant was no longer married to the debtor. The Fifth Circuit noted that the defendant did not fall within the per se insider class since, under the state law in question, a divorce terminates the marital relation, hence, the debtor's ex-wife could not be defined as a "relative" under § 101(31). She had, however, continued to have frequent contacts with the defendant and had loaned him large sums of money to provide for his living expenses. The court concluded that the relationship between the defendant and the debtor was a close one and that the transactions conducted between them were not conducted at arms length. Accordingly, it held that the debtor's ex-wife was an insider.

In *Miller v. Schuman (In re Schuman)*, *supra*, the Ninth Circuit Bankruptcy Appellate Panel reached a different result. There, the defendant was once again an ex-wife of the debtor. The trustee sought to set aside, as a preference, the debtor's transfer to the defendant, of a community property residence, pursuant to a modification of decree of dissolution of marriage. As in *Holloway, supra*, the debtor and the defendant had been married for a long period of time and there were children of the marriage. The transfer of the residence to the defendant was in return for a credit against child support obligations, a partial satisfaction of property awarded to the defendant in the dissolution proceedings and other miscellaneous consideration. The debtor had remarried at the time of the transfer. The court found that the relationship between the debtor and the defendant was one marked by hostility rather than closeness and cooperation. Accordingly, the appellate panel affirmed the bankruptcy court's decision that the defendant did not exercise the necessary degree of control or influence to render her an insider.

The plaintiff argues that the relationship between the debtor, Ronald and their mother's probate estate is the type of relationship which makes the probate estate an insider.

First, he argues that probate estates are similar to trusts, which are not per se insiders, but which have been held to be insiders.

In *In re 1000 International Building Associates, Ltd.*, 81 B.R. 125 (Bankr.S.D.Fla. 1987), the Chapter 11 debtor was a limited partnership. H. Schreiber was a general partner of the debtor and "dominated" the other general partner, a corporation. Class 3 of the debtor's plan consisted of Mortgage Investors Trust, a trust for the benefit of the two oldest sons of H. Schreiber. The court had no trouble finding that the trust was an insider of the debtor for purposes of § 1129(a)(10) (citing § 101(31)(C)(ii), a relative of a general partner is an insider of the partnership). *See also In re Hempstead Realty Associates*, 38 B.R. 287 (Bankr.S.D.N.Y. 1984), (a trust established for the benefit of its trustee and his wife was an insider for purposes of § 1129(a)(10) because the trustee was a general partner of debtor).

Although the probate estate could be an insider of the debtor if, in fact, the circumstances demonstrate the type of closeness and degree of control illustrated by these two cases, in this case there was clearly an adversarial relationship between the defendant and the debtor.

"An insider is one who does not deal at arms-length with the debtor." *Tennessee Wheel and Rubber Company v. Street (In re Tennessee Wheel and Rubber Company)*, 62 B.R. 1002, 1005 (Bankr.M.D.Tenn.1986). Here, the debtor and the probate estate did deal at arms-length. The debtor converted assets of the probate estate. He refused to account to Ronald for the taking and whereabouts of probate estate assets or the proceeds therefrom. It was only through investigation that Ronald was able to determine the extent of the conversion. The transfer which the plaintiff seeks to avoid, as a preference, was a transfer effectuated by way of a Writ of Attachment obtained after a judgment was entered by a court of competent jurisdiction in a contested proceeding. It was not a transfer obtained because of a closeness which allowed the probate estate to exert control or influence over the debtor. The probate estate has also obtained a judgment of this court declaring the debtor's debt

to the probate estate to be non-dischargeable. The relationship between the probate estate and the debtor compares with the relationship between the debtor and his former wife in *In re Schuman, supra.*

## CONCLUSION

When the debtor is an individual, the probate estate of a relative is not included within the Code's definition of "insider". Given the hostility between Ronald, acting on behalf of the probate estate, and the debtor, which existed when the transfer occurred as well as the circumstances leading up to the Writ of Attachment, it is clear that the probate estate did not exercise sufficient control over the affairs of the debtor so as to render the probate estate an insider. Since the transfer occurred more than 90 days before the debtor filed his bankruptcy petition herein, the plaintiff may not avoid the lien as preferential.

This opinion shall constitute the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052; they shall not be separately stated, a judgment consistent herewith shall be entered.